(Decided 15th February, 1870.) .

---

JOSEPH SODINI and JOHN W. LEITER *vs.* HENRY WINTER, *et al.*, trading as HENRY WINTER & SONS.

## *Mechanics' Lien.*

W furnished materials to L, a contractor, on his individual credit, to build a house for S. In conversation with L, W declared that he released S from liability for the materials furnished and looked only to L. On a *scire facias* by W to enforce a mechanics' lien against S. HELD:

1st. The mechanics' lien does not originate in contract: it is purely a creature of positive statutory enactment, to be maintained and enforced to the extent and in the mode which the statute provides.

2d. The mechanics' lien law contemplates a contract of purchase between the material man and contractor, and that credit may be given to the latter, and while there is no contract, express or implied, between the former and the owner, or credit given to the owner, yet the law provides a lien upon the building as a security for the material man, in case the contractor fails to pay for the materials, and this is done without affecting the liability of the contractor on his contract of purchase, which still exists.

3d. The mere fact that the materials were furnished on the credit of the contractor, and not on the credit of the building, is not a waiver or extinguishment of the lien.

Sodini and Leiter *vs.* Winter, *et al.*

4th. The declaration by W, releasing S from liability for materials furnished, and stating that he looked only to L, the contractor, is simply a parol relinquishment, without consideration, of a valuable right, and is altogether ineffectual to constitute a waiver of the lien.

APPEAL from the Circuit Court for Washington County.

In this cause a *scire facias* was issued by the appellees, the plaintiffs below, against the property of the appellant, Joseph Sodini, to recover the sum of $634.35—being the amount due on a mechanics' lien for seventy-eight thousand seven hundred bricks sold and delivered by the appellees to John W. Leiter, contractor and builder of the house proceeded against. After trial and verdict, the Court rendered judgment in favor of the plaintiffs for $675 50; from this judgment the defendant appealed.

To the *scire facias* the defendant, Sodini, appeared by counsel and filed nine pleas, to some of which the plaintiffs demurred, and the Court ruled the demurrer good as to the fifth and ninth pleas.

At the trial the Court signed five bills of exceptions at the request of the defendant, and of the six prayers offered by the defendant refused to grant the second, fourth and sixth. After verdict there was a motion in arrest of judgment, which was overruled.

The counsel for the appellant abandoned, in this Court, all objections to the ruling of the Court below, except on the demurrer to the fifth plea, on the fourth exception, and in refusing to grant the second, fourth and sixth prayers of the defendant.

The fifth plea and fourth exception are sufficiently set out in the opinion of the Court.

The following are the rejected prayers of the defendant:

2. If the jury shall find from the evidence, that the plaintiffs delivered the materials as laid and claimed in their lien claim, (if they find a lien claim to have been made and filed,) and that the same were used in the construction and erection of the house of the said Sodini, yet the plaintiffs are not enti-

tled to recover in this case, if they further find that after the delivery of all the bricks, the plaintiffs, or either of them, in the presence of the said Leiter and Sodini, declared that they looked only to Leiter, the contractor, for the money, and would not look to or hold Sodini for the same, then such declaration amounts to an express waiver of this lien, and the plaintiffs are not entitled to recover.

4. If the jury believe from the evidence, that the materials charged in the said claim were furnished on the credit and individual liability of the said Leiter, the contractor, and not on the credit of the defendant, Sodini's building, the plaintiffs are not entitled to recover.

6. If the jury shall find from the evidence in this cause, that the bricks or materials sued for in this case were delivered by the plaintiffs to the defendant, Sodini, and that they were used in the construction and building of the house mentioned in the writ of *scire facias* by John W. Leiter, the contractor, the plaintiffs are not entitled to recover in this action, if the jury further find that the bricks so delivered and used were sold to Sodini by the plaintiffs themselves, and were delivered upon an independent and original contract between the plaintiffs and the defendant, Sodini.

The remaining facts are detailed in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, GRASON, MILLER and ROBINSON, J.

*A. K. Syester* and *F. M. Darby,* for the appellant.

*D. H. Wiles, Thos. Rowland* and *J. Tho. Mason,* for the appellees.

MILLER, J., delivered the opinion of the Court.

In this case, a proceeding by *scire facias* was instituted to enforce a mechanics' lien for bricks furnished by the appellees

Sodini and Leiter *vs.* Winter, *et al.*

for, and used in, the erection of a house, of which the appellant, Sodini, was owner, and Leiter was the contractor and builder. The owner appeared and pleaded nine pleas, of which the fifth and ninth were ruled bad upon demurrer. At the trial, five exceptions were taken by the appellant, and a motion in arrest of judgment was also made and overruled. The appellant's counsel has made no point, either in his brief or in his oral argument, upon the first, second and third exceptions, or in support of the ninth plea, or of the motion in arrest. All objection to the Court's action, in these particulars, was very properly abandoned. This leaves for our consideration and review the sufficiency of the fifth plea, the correctness of the ruling in the fourth exception, and the rejection of the appellant's second, fourth and sixth prayers.

The fifth plea is, that the materials were furnished by the plaintiffs on the individual and personal credit of the contractor, and not on the credit of the lot and buildings mentioned in the writ. It does not aver the materials were not furnished *for the house,* or that the plaintiffs did not know at the time of furnishing them, they were to be used in its erection. This peculiar lien does not originate in contract; it is purely a creature of positive statutory enactment, to be maintained and enforced to the extent and in the mode which the statute prescribes. Every building, says the law, erected, repaired, re-built, or improved, shall be subject to a lien *for the payment* of all debts contracted for work done or materials furnished *for or about the same,* and the mode of its enforcement in all cases is specially prescribed. Under these provisions, it has been held that the material man, who furnishes materials to a contractor, has a subsisting lien upon the building in the intermediate time between the furnishing of the materials and the expiration of the six months limited for filing his claim, though no claim has been filed by him. *Franklin Fire Ins Co. vs. Coates & Glenn,* 14 *Md.,* 285. The lien may be expressly waived, and the question, whether it was waived in this case, was presented by issues taken on the

sixth and eighth pleas, but the law provides that no person having such lien shall be considered as waiving the same by granting a credit or receiving notes or other securities unless the same be received as payment, or the lien be expressly waived. In a case like the present, of a material man furnishing materials to a contractor to be used in the erection of a building, the law contemplates a contract of purchase between these two, and that credit may be given to the latter, and whilst there is no contract, express or implied, between the former and the owner, or credit given to the owner, yet the law provides a lien upon the building as a security for the material man in case the contractor fails to pay for the materials, and this is done without affecting the liability of the contractor on his contract of purchase, which still exists. Indeed, it was the liability to, and frequency of, loss sustained by mechanics and dealers in consequence of the employment of a middle man or contractor which induced the Legislature to give a lien on the building. Such being its character, and such the provisions of law for its enforcement, the mere fact that the materials were furnished on the credit of the contractor and not on the credit of the building, is not, in our opinion, either a waiver or an extinguishment of the lien. It follows, the demurrer to this plea was well sustained, and the appellants' fourth prayer, which presents the same question, properly rejected.

From the fourth exception, it appears the defendant offered testimony to the effect that, in a conversation between Sodini and one of the plaintiffs, after a part only of the bricks had been furnished, Sodini requested the plaintiff not to deliver any more on his account, or in reference to his right of lien therefor on the house, to which the plaintiff replied he would take Leiter for the pay, and would not look to, hold or trouble Sodini for the money; also, that after all the bricks had been delivered, the plaintiff called upon Leiter for pay, and they went together to see Sodini, and the plaintiff there, in the presence of Sodini, said he did not look to Sodini for the

Sodini and Leiter *vs.* Winter, *et al.*

money, but to Leiter, and wanted Leiter to give him his note, with Sodini as security, but the latter refused to become such security. This proof went to the jury without objection. The defendant then offered to prove that, *after these conversations,* he paid workmen employed by Leiter, and to Leiter himself, the full amount due him on the contract for building the house, and the Court, upon objections made by the plaintiffs, refused to admit this testimony.

We discover no error in this ruling. The defences taken by the pleas are, 1st, that the materials specified in their claim were not furnished by the plaintiffs. 2d, that the claim was not filed, nor notice of the intention to claim the benefit of the lien given within the time and in the manner required by the lien law. 3d, that the lien was expressly waived. And 4th, that the plaintiffs did not sell, furnish or deliver the materials to the contractor for the purpose of being used in the erection of the building. Waiver is the only issue presented by these pleas to which it can be pretended this testimony has any relevancy. But all the proof on the subject of *any agreement* to waive the lien, even if therefrom a valid contract to that effect could be inferred, was submitted to the jury, and the defendant had all the benefit thereof to which he could possibly be entitled, for, by the granting of his first, third and fifth prayers, the jury were in effect told that if they believed the first of the above stated conversations ever took place, the plaintiffs could not recover for any bricks afterwards delivered. Whether any conversations of the purport attributed to them by the defendant's witnesses occurred was a subject of controversy. It was essential to the defendant's case, a vital element in the waiver he sought to establish, to show that *such* conversations did take place, and this was positively denied by the witness for the plaintiffs. Apart from such conversations, it must be conceded, evidence of these payments would be wholly inadmissible to establish a waiver of the lien, and how can the mere fact that the defendant subsequently, and so far as the offer shows without the knowledge, assent or acquiescence of

the plaintiffs, made those payments to Leiter, and his work-men be admitted to prove that such conversations occurred or that their tenor and effect were such as he insists they were? We know of no rule or principle of evidence that will permit this to be done. The ruling in this exception is therefore affirmed.

The defendant's second prayer asserts the proposition that a declaration made by the plaintiffs or one of them in the pres-ence of Leiter, after all the materials had been furnished, that they looked only to Leiter, the contractor, for pay, and would not look to or hold Sodini for the money, amounts to an ex-press waiver of the lien. Such a declaration is simply a parol relinquishment without consideration of a valuable right and is altogether ineffectual to constitute a waiver of the lien.

There is no proof that all the materials sued for and used in the construction of the house were sold to Sodini, upon an in-dependant and original contract between him and the plain-tiffs, and the defendant's sixth prayer was therefore properly rejected, even if the legal proposition it asserts be correct, a point upon which we express no opinion.

*Judgment affirmed.*

(Decided 23d February, 1870.)