HENRY BLAKE *vs.* WILLIAM H. PITCHER and YOUNG
O. WILSON, trading as PITCHER & WILSON.

*Bills of Exceptions — Mechanics' lien — Agency — Question
whether materials used in the erection of building, were fur-
nished with reference to that building, and under a contract
with the owner or his agent—Taking a promissory note does
not operate as a waiver of the lien claim.*

A bill of exceptions to the ruling of a Court on demurrer to pleadings is an
anomaly in this State.

A bill of exceptions stated, that having "offered evidence tending to prove
the hypothesis of fact set forth in their prayer," * * * "thereupon
the plaintiffs offered the following prayer." HELD :

That this mode of presenting in the bill of exceptions, a question of law,
arising upon any given hypothesis of facts, is conformable to the new rules
prescribed by this Court.

A mechanics' lien claim was filed in the Superior Court of Baltimore City, by
P. & W. against B. as owner of certain houses in Baltimore City, and H. as
contractor. The bill of particulars consisted of charges for bricks furnished
by P. & W. to B., from the 24th of May, 1873, to the 10th of July, inclusive.
Under a proceeding by P. & W. to enforce their lien upon said houses, it
was HELD :

1st. That if the bricks were furnished for the houses with the privity and con-
sent of the owner, and were used in the erection of his buildings, it was no
defence to the action, that the owner bought the said bricks for the con-
tractor H., and paid H. for the same; or that the said bricks were not fur-
nished by the plaintiffs in pursuance of a contract with the owner; or that
said bricks were sold by the plaintiffs to H. not in the capacity of architect,
builder or contractor for the houses, but merely as a manufacturer or seller
of bricks.

2nd. That if H. was the agent of B. for the purchase of bricks from P. & W.,
it was immaterial whether or not he occupied also the relation of contractor
for building the houses, or contractor for furnishing the bricks.

3rd. That the receipt by P. & W. of a promissory note of H. for part of the purchase money for the bricks, although such note was not shown to have been lost, and was not produced in Court to be cancelled, did not extinguish the portion of their claim covered by said note.

4th. That it is not true that *any* material man furnishing a contractor or sub-contractor, with articles which are afterwards used in the erection of *any* building, thereby acquires a lien on that building. But such lien will be acquired, if the materials are furnished in pursuance of a contract with the owner of the building as such or with his agent.

APPEAL from the Superior Court of Baltimore City.

*First and Second Exceptions*—stated in the opinion of the Court.

*Third Exception.*—The plaintiffs, to sustain the issues joined on their part, offered evidence tending to prove the hypothesis of fact set out in their prayer; and the defendants to maintain the issues joined on their part, offered evidence tending to prove the hypothesis of fact set out in their prayers; and thereupon the plaintiffs offered the following prayer:

1. If the jury find that the plaintiff, Pitcher, on behalf of himself and the plaintiff Wilson, called upon and had a conversation with the defendant, Blake, in which conversation the plaintiff, Pitcher, proposed to said Blake, that said plaintiffs should sell to said Blake pressed bricks, for the fronts of houses in Eutaw Square, mentioned in the evidence, and that said Blake answered said Pitcher, that he, said Blake, had made a trade of a house with one Samuel K. Harris for the bricks required for said houses, but that he, said Blake, did not know if said Harris made the particular sort of pressed bricks required for said fronts, and said Pitcher replied that said Harris did not make such pressed bricks, and thereupon said Blake said to said Pitcher, "*go and see Harris, and if he don't make those bricks, I should like to have you furnish them, and any arrangement Harris may make with you will be satisfactory to me.*"

And if the jury further find from the evidence that afterwards the said plaintiff, Pitcher, on behalf of himself and said plaintiff, Wilson, had a conversation with Samuel K. Harris, in which said plaintiff told said Harris what said Blake had said in reference to said bricks, and Harris answered said plaintiff, Pitcher, that he, said Harris, had not the bricks suitable for the fronts of Blake's buildings and would have to buy them, and would be willing to get them from the plaintiffs, and asked the price at which plaintiffs would sell said bricks, and the plaintiff, Pitcher, said at thirty-five dollars per thousand; and the plaintiff, Pitcher, on behalf of himself and said plaintiff, Wilson, thereupon agreed with said Harris to furnish said bricks to the said buildings Blake was about to build, and said Harris directed the plaintiffs to furnish said bricks on said Blake's orders therefor, and when they were ready for them at the buildings. And if the jury further find that the defendant, Blake, was the owner or reputed owner of the buildings and premises mentioned in the lien and *scire facias* amongst the proceedings, at the times of the furnishing of the materials by the plaintiffs as hereinafter mentioned, and shall further find that after the conversations of the plaintiff, Pitcher, with the defendant, Blake, and after the conversation of the plaintiff, Pitcher, with the said Samuel K. Harris as aforesaid, the plaintiffs furnished and delivered to the said buildings and premises the materials, viz., pressed bricks and long arch bricks, mentioned in the lien and evidence, at the instance of said Harris, and with the knowledge of the said Harris, and that said materials were by the said defendant, Blake, and with his, the said defendant's, Blake's, knowledge that the same were materials furnished and delivered by said plaintiffs, used in the erection of said buildings and premises, then their verdict may be for the plaintiff, provided the jury further find that notice in writing was given to said defendant, Blake, by said plaintiffs, within

sixty days after the furnishing of such materials as aforesaid, of the intention of said plaintiffs to claim the benefit of a lien upon said buildings and premises.

And then the defendants offered the five following prayers:

1. The defendants pray the Court to instruct the jury, that if they are satisfied from the evidence that the defendant, Henry Blake, was the owner and builder of the houses on Eutaw Square, spoken of in these proceedings and referred to by the witnesses, and that as such owner and builder he bought the bricks required for and used in the construction of said houses of the defendant, Samuel K. Harris, and paid said Harris for the same; and shall further be satisfied from the evidence that said Samuel K. Harris was at the time a manufacturer of bricks, and sold and delivered said bricks to said Blake in the regular prosecution of his business as a manufacturer and seller of bricks, then the plaintiffs are not entitled to recover in this action, even although they should find that said Harris bought from them a part of the bricks which he so delivered to said Blake, and their verdict will be for the defendants.

2. If the jury find from the evidence that the defendant, Blake, was the owner of the houses mentioned in the lien claim filed in this cause, and also that he was the builder and only party contracting for the erection and construction of the same; then, unless they further find that the bricks mentioned in said lien claim were furnished by the plaintiffs in this cause in pursuance of a contract with said Blake, the plaintiffs are not entitled to recover, and their verdict must be for the defendants.

3. If the jury find from the evidence that the defendant, Harris, was not the architect, builder or contractor of the houses mentioned in the lien claim filed in this cause, but was a manufacturer and seller of bricks, and that the plaintiffs in their business of manufacturing and selling

bricks, (if they find such to be the business of the plaintiffs,) sold to the said Harris the bricks mentioned in the said lien claim, then the plaintiff is not entitled to recover in this action, and their verdict must be for the defendant.

4. Unless the jury find from the evidence that the materials mentioned in the lien claim filed in this cause were purchased by a contractor or builder of the houses therein named, and that notice in writing of the plaintiffs' intention to claim a lien for the payment of said materials was given to the owner of said houses within sixty days after furnishing the same, the plaintiffs are not entitled to recover in this action, and their verdict must be for the defendants.

5. If the jury find from the evidence that the plaintiffs received from the defendant, Samuel K. Harris, his promissory note for a part of the purchase money of the bricks, then the plaintiffs are not entitled to recover in this action for such portion of their claim as was covered by such note, there being no evidence that said note has been lost, and the same not having been produced in Court to be cancelled.

And the Court, (DOBBIN, J.,) granted the plaintiffs' prayer and refused to grant the defendants' prayers. The defendants excepted.

The jury rendered a verdict for the plaintiffs, and judgment was entered accordingly. The defendant, Blake, appealed.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, GRASON and MILLER, J.

*Henry Stockbridge,* for the appellant.

By well settled Maryland law the plaintiffs, having received a promissory note for their debt, which they did not produce in Court, nor show to have been lost, were estopped from prosecuting their claim against the defen-

dant. *Glenn vs. Smith*, 2 *G. & J.*, 508 ; *Myers vs. Smith and Barrick*, 27 *Md.*, 50.

But the principal,—the important—question presented by the pleadings and the prayers, is, has the producer of building materials, who sells them to another dealer in like materials, who is not a builder, or contractor, but who sells them in turn to a builder or contractor, a right to follow those materials with a lien to the remote user of them, and hold his property responsible for them, although he has, in good faith, paid for them to the person of whom he bought them ?

Such a proposition, utterly repugnant to justice and right, has no foundation in reason or statute.

The right of lien in our State, as applicable to cases like this, rests upon the first and eleventh sections of Art. 61. of 1st Code, 405, 406. If it is not there it can be found nowhere.

Section 1 gives a lien upon every building erected for the payment of all debts contracted for work done or materials furnished for or about the same.

Section 11 limits the operation of section 1, by providing that persons entitled to a lien under section 1 shall pursue a particular course, or shall "not be entitled" to a lien for any materials furnished. It is a limitation, a restriction, (not an extension, an enlargement,) of the privilege granted by the first section. No person acquires a right of lien by virtue of the provisions of the eleventh section who has it not by virtue of the first section ; and no person, of the class to which it refers, who are entitled to a right of lien by virtue of the first section, retains it unless he complies with the requirements of the eleventh section.

Under a proper construction of this statute, the producer of building materials, who sells them to a dealer in such materials, cannot follow them with a lien through the hands of a dealer, or chain of dealers, and charge the builder with the payment of the dealer's debt.

If this can be done, it is impossible for any person to build anything with safety. The builder may buy his material of the merchant, and pay for it in good faith, and after this is done, find his house bound for the payment of the merchant's debt, to the manufacturer of hardware in Connecticut, or England, or to the producer of lumber in Pennsylvania, or Maine.

A construction of a statute that involves such an absurdity, and injustice, will not be adopted by the court, if it can reasonably be avoided. In this case the statute, not only does not require such a construction, but does require a different construction. Its phraseology clearly requires that there shall be some privity or contract between the person imposing the lien, and the person whose property is charged by it.

The debt which is to give the right of lien must be "for materials furnished for or about" the building. Consequently they must be furnished to some one expressly or impliedly authorized to incur a liability for the owner. But the merchant, trader or dealer in building or other material, is not, *virtute officii*, authorized to contract debts, for the owners of property to pay, for the materials which he (the trader) has sold to such owners, and for which they have paid him.

Neither can the materials which are sold to a merchant, or dealer in materials, to be sold or disposed of by him in the way of his business or trade, with any propriety be said to be "furnished for or about the building" into which they ultimately find their way. The manufacturer of the materials produces them for his own profit through their consumption in the buildings to which they are adapted; and he sells them that they may find their way, through one or two, or a dozen hands to their ultimate place of consumption   But his sale to the dealer is not a furnishing for or about the building in which they are ultimately used, within the meaning of the law.

This is the construction given in New York to a law quite as broad in its terms as our own. *Wood vs. Donaldson*, 17 *Wend.*, 550.

The words of the Pennsylvania statute are, " Every building erected   *   *   *   shall be subject to a lien for the payment of all debts contracted for work done or materials furnished for or about the erection or construction of the same." *Dunlop's Laws of Penn.*, 779 ; *Phillips on Lien Laws, sec.* 51.

The construction given to this statute is that " no one has power to bind a building for materials furnished except the owner or contractor under him," and " one who contracts to furnish materials is not a contractor for erection, and cannot charge a building with a lien." *Harlan vs. Rand*, 27 *Penn. State Rep.*, 511 ; *Duff vs. Hoffman*, 63 *Penn. State Rep.*, 191.

This precise point does not appear to have ever been before this Court for adjudication. The true principle, however, is involved in the ruling of the Court in *Greenway vs. Turner*, 4 *Md.*, 304. It is there laid down that an owner of property can be held responsible for no liability of a contractor or builder independently of the provisions of the lien law. The liability to a lien " is created exclusively by Act of Assembly."

Now, the maxim of law is that a statute contrary to common law or common right is to be construed strictly, and applied only to those cases for which it was expressly intended. *Sedgwick on Statutory Law*, 285 ; *Domat's Rules, sec.* 16.

This statute ,was designed to promote improvement by affording to persons who furnished labor or materials to such improvement security for the value of their contribution to the structure. It was never intended to fetter the· erection of improvements by making the owner of property responsible for the debts of the merchant from whom he purchases, and of whose relations to his creditors he

must necessarily be ignorant. It designed to impose upon the owner no heavier burden than the payment of his own debts, those contracted for him by his agent, and those contracted for his building by his architect, contractor, or builder. To open the door wider than this is to ask of him impossibilities, and to lay a peremptory and permanent injunction upon the erection of buildings.

*Joseph P. Merryman* and *J. J. Alexander*, for the appellees,

Cited *Weber vs. Weatherby,* 34 *Md.,* 656 ; *Sodini vs. Winter,* 32 *Md.,* 130 ; *Greenway vs. Turner,* 4 *Md.,* 296 ; *Coulter vs. Freeze,* 45 *Ind.,* 96 ; *Hill's Case,* 38 *Penna. St.,* 151 ; *Buell vs. Barker,* 35 *Ind.,* 297 ; *Derrickson vs. Nagle,* 2 *Phila.,* 120.

Bowie, J., delivered the opinion of the Court.

The appellees filed their claim for a lien under the Mechanics' Lien law, against the appellant, Henry Blake, as owner, and Samuel K. Harris, contractor, on the 7th January, 1874, in the Superior Court of Baltimore City.

The bill of particulars consisted of charges for bricks furnished by the appellees to the appellant, Blake, from the 24th May, 1873, to 10th of July, inclusive, amounting to $1236.40.

To the *scire facias* issued on this claim against the appellant the defendants pleaded separately several pleas, on some of which issues were joined ; to others, the plaintiffs filed replications, to some of which the defendants demurred, and to others rejoined, to which rejoinder the plaintiffs demurred.

The defendant's demurrer being overruled, and the plaintiffs' sustained, the defendant, Blake, appealed.

The same questions being substantially involved in the demurrers and prayers, it will be unnecessary to notice the former more particularly.

Three bills of exceptions were taken by the appellant below, two to the rulings of the Court upon the demurrers and the third to the granting of the appellees' prayer, and the rejection of the five several prayers of the appellant.

The appellant relies only on the last bill of exceptions, but the appellees have moved to dismiss the appeal, so far as depends upon the exceptions, because they are unnecessary, insufficient, and improper in form and substance.

A bill of exceptions to the ruling of a Court on demurrer to the pleas, replications, or rejoinders is certainly an anomaly in the practice of this State. The pleadings which are a part of the record, show upon their face, the facts on which the question of law the demurrer arises, and a bill of exceptions is, therefore, wholly unnecessary.

The third bill of exceptions is objected to by the appellees because it does not sufficiently set out the evidence upon which the plaintiffs' prayer was based, but states concisely that, having " offered evidence tending to prove the hypothesis of fact set out in their prayer," * * * * " therefore, the plaintiffs offered the following prayer."

We think this mode of presenting in the bill of exceptions a question of law arising upon any given hypothesis of facts, is conformable to the new rules prescribed by this Court in relation to appeals. To avoid unnecessary prolixity and detail, they require, "Bills of Exception shall be so prepared as only to present to the Court of Appeals the rulings of the Court below upon some matter of law, and shall contain only such statement of facts as may be necessary to explain the bearings of the rulings upon the issues or questions involved ; and, if the facts are undisputed, they shall be stated as facts, and not the evidence from which they are deduced ; and, if disputed, it shall be sufficient to state, that evidence was adduced tending to prove them ;" " but if a defect of proof be the ground of ruling or exception, then the particulars in which the proof is supposed to be defective shall be briefly stated,

and all the evidence offered in anywise connected with such supposed defect, shall be set out in the bill of exception." See *Rule* 5, *Title Appeals*, 29 *Md.*

The appellant's third bill of exceptions, instead of repeating the facts hypothetically stated in the plaintiffs' prayer, introduces that prayer with the preface before cited, referring to the prayer for the facts on which it was founded, which, in the language of the rule, sufficiently explained the bearing of the ruling on the question involved.

In cases like the present, where the prayer excepted to embodies all the evidence tending to support the theory of the instruction asked for, it would be wholly unnecessary to burden the record with a recapitulation of the same matter.

The appellant submitted five prayers and the appellees one.

The first four of the appellant relate to the character of the contractor and the circumstances and conditions necessary to entitle the mechanic or material man to a lien upon the building erected or repaired.

The fifth, to the effect of taking a promissory note by the material man, from the contractor, upon the proceedings for a lien.

The principle asserted by those relating to the creation of the lien is, that unless the materials were furnished to the owner, builder, architect, or contractor for the erection of the houses, in pursuance of a contract with them or some of them, although the materials were used in the construction of the buildings, with the knowledge and consent of the owner, a lien will not lie in favor of the material man against the buildings.

The appellees' prayer, asserts their right to recover if the jury find the facts embodied in its hypothesis, without basing their right upon the relation of Harris to Blake, as contractor for building the houses, or contractor for

furnishing the bricks. Relying mainly upon the facts that the bricks were furnished Blake, after an interview with Blake, who referred them to Harris, and that the said bricks were delivered and used by Blake, in the construction of his houses, with the knowledge and consent of Blake and Harris, leaving it to the jury to determine whether the materials furnished, were furnished under a contract with Blake or Harris, or with both. In this aspect of the prayer, there is no necessary conflict between it and those submitted by the appellant. But it is argued that it is susceptible also of the broader interpretation, that if the materials were furnished under the circumstances recited, the lien lies, whether Harris was contractor for the building of the houses, or only sub-contractor for the bricks.

These prayers involve the construction of the 61st Article of the Code of P. G. Laws, Title " Mechanics' Lien."

The appellant's counsel regards the position of the appellee as " utterly repugnant to justice and right, without foundation in reason or statute."

The spirit in which the Mechanics' Lien Law is to be interpreted, has been prescribed by the Legislature and impressed in such strong terms upon its face, that no Court can mistake its meaning.

It is enacted by section 41 of Article 61, " this Article shall be construed, and have the same effect, as laws which give general jurisdiction or are remedial in their nature."

Exclusive of this directory clause, the language of the Code in other sections, indicates that the most liberal and comprehensive meaning should be given to its several provisions in favor of mechanics and material men.

" Sec. 1. Every building erected and every building repaired, rebuilt or improved to the extent of one-fourth its value, shall be subject to a lien for the payment of all debts contracted for work done or materials furnished for or about the same."

"f the contract for furnishing such work or mate-
1     . both, shall have been made with any architect or
builder, or any other person except the owner or owners
of the lot on which the building may be erected, or his or
their agent, the person or persons so doing work or furnish-
ing materials, or both, shall not be entitled to a lien unless,
within sixty days after furnishing the same, he or they, or
his or their agent, shall give notice in writing to such
owner or owners, or agents, if resident within the city or
county, of his intention to claim such lien."

The decisions of this Court have all been in the same
direction.

It is too late, if we were so disposed, to adopt a new line
of policy in this respect.

. In the case of *Sodini & Leiter vs. Winter, et al.*, 32 *Md.*,
133, this Court, commenting on the fifth plea of the appel-
lant, which was held bad on demurrer, said "The fifth plea
is, that the materials were furnished by the plaintiffs, on
the individual and personal credit of the contractor, and
not on the credit of the lot and building mentioned in the
writ.   It does not aver the materials were not furnished
*for the house,* or that the plaintiffs did not know at the
time of furnishing them, they were to be used in its erec-
tion."

The appellant's prayers in this case are obnoxious to
the same objection.   They entirely ignore the evidence of
the appellees tending to prove the bricks were furnished for
the appellant's house, with his privity and consent, and
were used in the erection of his buildings.   In further
consideration of the point raised on the demurrer to the
plea, in the case just cited, this Court declared, "This
peculiar lien does not originate in contract; it is purely a
creature of positive statutory enactment, to be maintained
and enforced to the extent and in the mode which the
statute prescribes."

The statute (it was said) contemplates a contract, between the material man and contractor, and that credit may be given to the latter, "and whilst there is no contract express or implied between the former and the owner, or credit given to the owner, yet the law provides a lien upon the buildings as a security for the material man, in case the contractor fails to pay for the materials, and this is done without affecting the liability of the contractor, on his contract of purchase, which still exists." "It was the liability to and frequency of loss sustained by mechanics and dealers in consequence of the employment of a middle man or contractor which induced the Legislature to give a lien on the building." *Ibid*, 134.

The first four of the appellant's prayers, are defective because founded on a partial view of the evidence. They omit all reference to the facts from which an agency on the part of Harris for the defendant Blake might be inferred. All that is affirmed in these prayers might be found by the jury, yet, if Harris was the agent of Blake in purchasing the bricks of the appellees, they were entitled to recover.

It might perhaps be argued that agency was included in these prayers by implication; still, the careful specification of Harris, as manufacturer and seller of bricks in one, and of Blake, as owner and builder in another, and the negation of Harris as architect, builder or contractor in a third, with total silence as to the relation of principal and agent between Blake and Harris were calculated to mislead the jury.

The doctrine of agency were fully recognized and asserted in the case of *Weber vs. Weatherby*, 34 *Md.*, 656.

In that case, Weber the owner and builder, agreed to sell a house in an unfinished state to one Ranstead and to have it completed like one adjoining. Ranstead deposited $100 as a forfeit in case of non-fulfilment of his contract.

After making the agreement Ranstead purchased of Weatherby, a range and other articles which were delivered with the knowledge of Weber, and bricked up in the cellar. Ranstead having abandoned the contract and refusing to take the house, Weber retained the house and fixtures.

It was held that Ranstead "*pro hac vice,*" was the agent of Weber, and that Weber, and his house were liable. The former, according to the principles of natural justice, and the latter under the provisions of the statute, for the act of Ranstead.

The appellant's fifth prayer conflicts with the express language of the third section of the 61st Article of the Code of P. G. Laws which provides, that " no person having such lien shall be considered as waiving the same by granting such credit, or receiving notes or other securities, unless the same be received as payment or the lien be expressly waived, but the sole effect thereof, shall be to prevent the institution of any proceedings to enforce said lien until the expiration of the time agreed on."

This Court in 32 *Md.,* 133, in the case *Sodini vs. Winter,* referring to the defence of waiver of lien by parol, attempted to be set up, declared "the law provides that no person having such lien shall be considered as waiving the same by granting a credit, or receiving notes or other securities, unless the same be received as payment or the lien be expressly waived."

The appellant's fifth prayer, does not submit to the jury to find that the note was received as payment; the prayer appears to be framed entirely upon the general principles of commercial law independently of the provisions of the Mechanics' Lien Law.

The principles announced in *Glenn vs. Smith,* 2 *G. & J.,* 508, and *Myers vs. Smith,* 27 *Md.,* 50, are well established, but have no application to a proceeding *in rem.* founded upon statutory enactments.

In the construction of the Code of Public General Laws or Acts of Assembly of our own State, this Court in doubt-

ful cases, might be aided by the decisions of other States, upon statutes upon the same subjects, couched in identical language. But wherever the Code or Acts of Assembly of this State have been construed, as in this instance, we are bound to adhere to the construction adopted.

For this reason, it is in our judgment unnecessary to review the cases cited by the appellant's counsel, decided in other States, interpreting their local laws, in support of a theory conflicting with the decisions of this Court.

We do not construe the appellees' prayer as asserting that *any* material man furnishing a contractor or sub-contractor, with articles which are afterwards used in the erection of *any* building, thereby acquires a lien on that building: but if the jury find the facts as alleged, they *may* find the materials were furnished in pursuance of a contract with Blake as owner, or with Harris as agent of Blake. Concurring with the Court below in granting the appellees' prayer and rejecting the appellant's, the judgment is affirmed.

*Judgment affirmed.*

(Decided 4th May, 1877.)