CASE No. 813.

## MURRAY v. EARLE.

1. Where a contractor undertakes to build a house and to furnish all labor, materials, &c., at his own cost, a mechanic employed by him without the owner's consent, has, for his labor, no lien on the building erected· *Semble.*
2. Where a mechanic, before commencing work upon a building in course of construction, agreed with the owner that he would look only to the contractor for his pay, he thereby waived any right which the law might otherwise have given him, to a lien upon such building.

---

Before HUDSON, J., Greenville, November, 1878.

Petition under mechanics' lien law, commenced by J. W. Murray against Sallie F. Earle. The case is sufficiently stated in the opinion of the court. Judgment for defendant, and plaintiff appealed.

*Mr. W. L. Wait,* for appellant, cited *Gen. Stat., ch. CXX.,* § 10; *Potter's Dwar.* 196; 4 *Gray,* 289; 5 *Heath* 409; 5 *Dutcher* 415; 1 *Id.* 474; 2 *McC.* 218; *Phillips on Mech. Liens* 57, 58, 124; *Sodini* v. *Winter,* 32 *Md.* 130.

*Mr. A. Blythe,* for respondent, cited *Gen. Stat., ch. CXX.,* § 47; *Phillips on Mech. Liens,* §§ 40–62, 117, 123, 272, 273; 18 *Wall.* 549, 623.

February 18th, 1880.    The opinion of the court was delivered by

McIVER, A. J.    This was a proceeding to enforce a mechanics' lien which the petitioner claimed had attached upon a certain building erected for the respondent, as well as upon the lot of land on which it stood.    The facts were that one W. A. Hudson, by a contract in writing, agreed with T. T. Earle, the husband of the respondent, to "erect and finish" the building in question, and "at his own cost and charges to provide all manner of materials and labor, scaffolding and implements of every description for the due performance of all the work."    While the building was being erected T. T. Earle conveyed the property to the respondent, but, as her agent, continued the contract with Hudson.    The work done by the petitioner, for which the lien was claimed, was done under a contract with Hudson, to which neither Earle or his wife were parties.    There is no allegation in the petition that the labor performed by the petitioner was done by virtue of an agreement with, or by consent of, the owner of the property upon which the lien was claimed, or by virtue of an agreement with, or by the consent of, any person having authority from, or rightfully acting for, such owner in procuring or furnishing such labor, but, on the contrary, the respondent, in her answer, alleges "that the petitioner worked upon said building by virtue of his agreement with the contractor, the said W. A. Hudson, and not by virtue of any agreement or consent of this respondent, or by virtue of any agreement or consent of the said T. T. Earle, the former owner of the aforesaid lot, or by virtue of any agreement with any person rightfully acting for this respondent or the said T. T. Earle;" and these allegations

seem to be fully sustained by the evidence.    Under this state of facts it may well be doubted whether the petitioner, a mere sub-contractor, could acquire a lien under the provisions of our statute upon the subject.    *Gen. Stat., ch. CXX., § 7, p. 550.* For it will be observed, that in order to entitle a person to the lien provided for in that section, there must be not only a debt due for labor performed upon the structure upon which the lien is claimed, but it must be a debt due "*by virtue of an agreement with, or by consent of the owner of, such building or structure,*" or by virtue of an agreement with, or by consent of some person "having authority from, or rightfully acting, for such owner in procuring or furnishing such labor."    Hence it is difficult to understand how in this case the petitioner could establish his lien. The labor which he performed upon the building was not performed by virtue of any agreement with either the owner or her authorized agent, or by their consent.    Under the written contract Hudson was bound to furnish all such labor at his own cost, and the owner had nothing whatever to do with it.    But as this point does not seem to have been raised in the court below; it is perhaps better that we should not rest our decision upon this ground.

It seems that before any work was done by Murray, the respondent, by her agent, gave him *verbal* notice that she would not be responsible for any labor he might perform upon the building, whereupon the petitioner expressly agreed, before the commencement of his work, "to look to the contractor, Hudson, for his pay, and to no other source," and this agreement the Circuit judge held "was a waiver of any right to a lien upon the building which the law might otherwise have given to the petitioner."    We concur with the Circuit judge.    While the statute does provide that the notice shall be *in writing* it is very manifest that this provision is intended for the benefit solely of the mechanic, and he may, if he chooses, waive it, just as it has been frequently held in regard to tender—that while nothing but gold and silver (and now legal tender notes, perhaps,) would be a legal tender, yet if a tender is made in bank notes it is good unless objected to at the time on account of its not being made in gold or silver, upon the ground that the party, by not

objecting at the time to the tender on account of its being made in bank notes instead of in coin, is construed to have waived his right to demand coin.  So here the petitioner might have refused to receive the verbal notice and demanded one in writing, but he not only did not do so, but on the contrary, by his express agreement to look alone to Hudson for his pay, practically dispensed with the written notice.  It is argued here that this agreement upon the part of the petitioner was without consideration, and therefore a nullity.  We do not so regard it.  It is not at all unlikely that, but for this agreement, the respondent would have given the written notice required by the statute, and if she was induced not to do so by this agreement on the part of the petitioner; that would constitute a sufficient consideration, which may be not only a benefit to the person who makes the promise, but also a loss or disadvantage to the person to whom the promise is made, as, for example, forbearance to sue.  This case differs materially from the case of *Sodini* v. *Winter*, 32 *Md.* 130, cited and much relied upon by the appellant.  In that case the conversation relied upon as a waiver of the lien took place *after* the materials were furnished, and therefore after the right to the lien had attached, while here the agreement which was relied upon as a waiver, was made before any work was done, and hence before any right to a lien could have attached.

· Under this view of the case the other suggestions by the ground of appeal cannot properly arise, and therefore need not be considered.

The judgment of the Circuit Court is affirmed.

WILLARD, C. J., concurred.