(Decided 21st January, 1881.)

FREDERICK and AUG. WEHR, trading as F. & A. WEHR *vs.* THOMAS J. SHRYOCK and GEORGE R. CLARK, trading as SHRYOCK & CLARK. JOHN W. PHILLIPS, CHARLES ROGERS, ALEXANDER HORNER *vs.* THE SAME. JOHN WARD *vs.* THE SAME.

*Notice to Owner under Mechanics' Lien Law—Proof of*
*Notice in Proceedings in Equity.*

Under Art. 61, secs. 11 and 19, of the Code, it is a fatal defect for lienors not to give notice to the owners or reputed owners of the houses and lots, of their intention to claim a lien.

Where the lien claim filed (which is the basis of proceedings to recover the amount claimed, whether by *sci. fa.* or bill in equity) required that notice should be given to the owners of the houses and lots, and the bill averred that due notice was given to the owners, no decree could be rightfully passed without proof that the notice was given as alleged.

APPEALS from the Circuit Court of Baltimore City.

Joseph C. and Samuel Merritt owned the land on Wolfe street, on which the four houses mentioned in the

opinion of the Court were afterwards erected. They entered into two agreements with John W. Phillips, both dated the 13th December, 1877. Under the first agreement, the Merritts agreed to lease to Phillips six lots of the Wolfe street ground for ninety-nine years, at a certain yearly rental per lot, provided Phillips erected on each lot a house; and provided further, that he fully complied with the terms of the other agreement, which was, in substance, to build for the Merritts five houses, on five lots adjoining the six mentioned in the first agreement, on terms in the second agreement mentioned, which were that the Merritts were to execute the leases for the six lots, on the satisfactory completion of their five houses, and release of all liens or claims against them or their houses, which releases Phillips agreed to procure, and the Merritts were to pay for the houses built for them in instalments at certain stages in the progress of the building ; the balance of the contract price of the houses built for them to be paid in a note at four months, after the entire completion of said houses, and release of all liens and claims that might be against the houses. In May, 1878, leases were executed by the Merritts of three of the four lots liened on. The case is further stated in the opinion of the Court.

· The cause was argued before BOWIE, GRASON, MILLER, ROBINSON and IRVING, J.

*Albert Ritchie,* for the appellants, F. & A. Wehr.

*Edward J. Clark,* for the appellants, Phillips and others.

*Abraham Sharp,* for the appellant, John Ward.

*John B. Wentz,* for Joseph C. and Samuel Merritt.

*Fielder C. Slingluff,* for the appellees.

MILLER, J., delivered the opinion of the Court.

It is well established that a mechanic's lien is purely the creation of statute law, and to maintain and enforce it the requirements of the statute must be substantially complied with. *Soldini vs. Winter,* 32 *Md.,* 130; *Hess vs. Poultney,* 10 *Md.,* 257; *Gault vs. Wittman,* 34 *Md.,* 35.

In the present case the appellees, who were lumber merchants in the City of Baltimore, on the 12th of June, 1878, filed their claim in the usual form of a mechanic's lien for the sum of $552.27, against four houses on the east side of Wolfe street and the lots of ground appurtenant thereto," of which said houses, and lots Joseph C. Merritt and Samuel Merritt are the *owners or reputed owners,* and John W. Phillips *builder and contractor ;* said claim, of which a bill of particulars is hereto annexed as part hereof, being for materials furnished in and about the erection and construction of said houses, within six months last past, *at the request* of said John W. Phillips." Upon its face, therefore, the claim is one clearly falling under sec. 11, Art. 61, of the Code, which provides that if the contract for work or materials is made with any architect or builder, or any other person except the owner or owners of the lot on which the building may be erected, the party doing the work or furnishing the materials *shall not be entitled to a lien,* unless witin sixty days after furnishing the same, he shall give *notice* in writing to such owner or owners of his intention to claim such lien. In sec. 19 of the same Article, it is provided, among other requirements, that the claim shall set forth the name of the claimant, and of the owner or reputed owner of the building, and also of the contractor or architect, or builder where the contract was made by the claimant with such contractor, architect or builder.

In cases falling under these provisions, not only does the statute in express terms, make the giving of this

*notice* to the party named as owner or reputed owner, essential to the lien, but the failure to give it, in substance, as the law provides, has in repeated instances been held fatal to the claim. *Hess vs. Poultney,* 10 *Md.,* 257; *Thomas vs. Barker, Ibid.,* 380. In the case last cited, the lien claim as filed, the *scire facias,* and the sheriff's published notice, described Thomas, as the owner or reputed owner of the house and lot, and Kridler, as the contractor, builder and architect, to whom the materials were furnished by the claimants, and it was held that Thomas must be regarded as the owner, and that the claimants *could not recover,* because they had not given to *him* the sixty days' notice, in substance as required by the lien laws.

In the case now before us, it is conceded no such notice was ever given by the claimants to Joseph C. Merritt and Samuel Merritt, the parties named in the lien claim as the owners, or reputed owners of these houses and lots, and this, in our opinion, is a fatal defect. The law provides that proceedings to recover the amount claimed, or in other words, to enforce the lien, shall be either by bill in equity or by *scire facias. Code, Art.* 61, *sec.* 24. But whether the one or the other mode be adopted, the lien claim previously filed is the foundation of the proceeding and recovery, either by decree or judgment, is dependent upon substantial compliance with the requirements which the law has made indispensable to the existence of the lien. Here the proceeding was by bill in equity filed by the claimants on the 13th of June, 1878, just after they had filed their lien claim. The bill follows the averments of their claim, and charges that the complainants in 1877 and 1878, sold and delivered certain lumber to Phillips . which he used in building certain houses on the east side of Wolfe street, and that afterwards and within six months of the time of sale and last delivery, they filed in the Superior Court of Baltimore City, their lien against the

Wehr, *et al. vs.* Shryock & Clark.

houses and adjacent lots for the sum of $552.27, a certified copy of which is filed with and made part of the bill; that Joseph C. Merritt and Samuel Merritt were the joint owners of the lots at the time of said building, and that John W. Phillips was the builder and contractor with them; and that before filing their said claim they gave the said Joseph C. Merritt and Samuel Merritt notice within sixty days of last delivery, of their intention to file the same and the necessary particulars thereof as required by law. The case made by the bill concedes it was one in which notice to the parties named as owners or reputed owners was necessary, and avers that it was given. Under this bill and the claim as it stands, no decree could be rightfully passed without proof that the notice was given as alleged, and no such proof was offered. In our opinion there is nothing in the contracts between the Merritts and Phillips of the 13th of December, 1877. Which, upon the case made by the lien claim and the bill, dispensed with the necessity of giving this notice. If the purpose of the claimants was to reach and affect only the interest in these houses and lots, which Phillips acquired under these contracts, they should have filed their claim in a different form. Whether under the power of amendment contained in sec. 41 of Art. 61, they could have so amended their claim, and the proceedings thereon as to subject this interest alone to the lien, is a question not before us, and in regard to it we express no opinion. They have not sought so to amend, but have stood upon the claim and bill as originally filed. We are therefore compelled to reverse the decree and dismiss the bill.

*Decree reversed, and*
*bill dismissed.*

(Decided 21st January, 1881.)