Reindollar *vs.* Flickinger, &c.

SAMUEL E. REINDOLLAR *vs.* MARY C. FLICKINGER, by her husband and next friend, GEORGE A. FLICKINGER.

*Mechanics' lien claim—Effect of failure to state in the Claim the Name of the Owner or reputed owner of the building— Mechanics' lien, the creation of Statute—Notice under sec. 11, of Art. 61, of the Code.*

Where a material-man claiming in virtue of the provisions of Article 61, of the Code, relating to mechanics' lien, to be entitled to a lien on a certain building and lot attached, for lumber and materials furnished by him, and used in the erection of said building, omits to state explicitly in the claim filed by him, who was the owner or reputed owner of such building, such omission is fatal to the claim.

A mechanics' lien is the creation of statute law, and to enforce it, the requirements of the statute must be substantially complied with.

Where the lumber and materials for which a claim under the mechanics' lien law was filed, were furnished to F. and R. partners in business, and under a contract which upon the face of the claim was made with the firm, F. alone being the owner of the house, in the erection of which the lumber and materials were used, the fact that F. was a partner of the firm with whom the contract was made, does not dispense with the giving to him as owner, the notice required by sec. 11, of Art. 61, of the Code.

APPEAL from the Circuit Court for Carroll County, in Equity.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, YELLOTT, STONE, IRVING, and RITCHIE, J.

*D. N. Henning,* for the appellant.

*Charles B. Roberts,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

On the 19th day of December, 1878, George A. Flickinger and George W. Reifsnider, and George A. Flickinger and George W. Reifsnider as partners, executed a deed of all their property, real, personal and mixed, in trust for the benefit of creditors. The trustees, under the provisions of the deed, sold the property, and the proceeds were brought into the Circuit Court for Carroll County sitting in Equity, for distribution. Among other claims against said trust estate is that of Samuel E. Reindollar, as follows:

Samuel E. Reindollar, of Taneytown, Carroll County, Maryland, dealer, &c., &c., claims that by virtue of the provisions of Article sixty-one of the Maryland Code of Public General Laws, relating to mechanics' liens, he is entitled to, and has, a lien on the building and ground hereinafter mentioned, for the payment of the sum of two hundred and seventy-nine dollars and sixty-two cents, a debt due and owing by the above named George A. Flickinger and George W. Reifsnider, partners, trading under the name, firm and style of Flickinger and Reifsnider, for lumber and materials furnished by him at the instance and request of said Flickinger and Reifsnider, and used in the erection of a building, two stories and attic, twenty by thirty feet, with shed attached one story high, by said

George A. Flickinger and George W. Reifsnider, partners, trading, &c., as Flickinger and Reifsnider, on a lot of one acre of land, more or less, which George A. Flickinger purchased of T. H. Eckenrode and wife, said lot or parcel of land being situated in Taneytown, State and County aforesaid, as by reference to the deed, &c., will more fully and at large appear, and that the amount aforesaid, for which materials, consisting of the following named articles, and at the following named prices, were furnished at the following times, as appears by the account herewith filed and incorporated as part hereof.

In an account filed by the auditor in the Circuit Court, this lien claim of Samuel E. Reindollar is allowed in full. To this account exceptions were filed by Mary C. Flickinger who held a mortgage on the said property executed by her husband, George A. Flickinger, before the execution of the deed of trust. Testimony was taken and the case being submitted, the Circuit Court (MILLER, J.) passed an order sustaining said exceptions. From this order an appeal has been taken by Samuel E. Reindollar and the questions presented are now to be determined by this Court.

The learned Judge who considered and determined the matters involved in controversy, in the Circuit Court, in his opinion says:

" The claimant presents his claim as a mechanics' lien, and insists that it is entitled to priority of payment on that ground. The question is whether a valid mechanics' lien has been made out? In the most recent case on this subject, that of *Wehr, et al. vs. Shryock & Clark*, decided by the Court of Appeals at its last October Term, (55 *Md.*, 336,) it was held in accordance with previous decisions on the same subject, that a mechanics' lien is purely the creation of statute law, and to maintain and enforce it the requirements of the statute must be substantially complied with. One of these requirements, (*Code*,

*Art.* 61, *sec.* 19,) is that every such claim shall set forth 'the name of the *owner or* reputed *owner of the building,'* and also the name of the contractor, architect or builder, when the contract was made by the claimant with such contractor, architect or builder. In the case referred to the names of the reputed owners were set out in the claim, and also the name of the contractor, so as to make a case falling under section 11, of the same Article, which requires in such case sixty days notice in writing to be given to the owner. No such notice was given in that case, and the claimant then sought to use the claim for the purpose of reaching the interest of the contractor in the building; (he having acquired such interest under certain contracts with the owner), but the Court held that if it was his purpose to reach and affect *this interest,* he should have filed his claim in a different form; in other words, under the form of a claim coming under section 11, the interest of *another party* in the building and lot could not be reached without an amendment of the claim. The law and the practice under it requires a different proceeding, and a different form of claim, where the material-man contracts with a middle-man, a contractor, architect, or builder, and where he contracts directly with the owner himself; but in either case the lien claim must state explicitly and expressly *who is the owner* or reputed owner of the building; for the object of the proceeding is to reach and condemn the interest of such owner for the payment of the claim. At all events, such is the plain *mandate* of the law, and it cannot be dispensed with *in any case.*

"Now, in this case, I find no clear and explicit statement, in the claim as filed, as to who is the owner or reputed owner of this building. The claim in entitled: '*Samuel E. Reindollar vs. George A. Flickinger and George W. Reifsnider, trading under the name, firm and style of Flickinger and Reifsnider.*' It then sets out

that the claimant claims a lien on the building and ground hereinafter mentioned, for the payment of the sum of $279.62, a *debt* due and owing by the above named George A. Flickinger and George W. Reifsnider, partners, trading under the name, firm and style of Flickinger and Reifsnider, for lumber and material furnished *by* him at the instance and request of said Flickinger and Reifsnider, and used in the erection of a building, &c., by said George A. Flickinger and George W. Reifsnider, partners, trading, &c., as Flickinger & Reifsnider, on lot of one acre of land, more or less, which George A. Flickinger purchased of Eckenrode and wife, by deed, bearing date the 27th of April, 1871.

"The bill of items of materials thus bought by Flickinger and Reifsnider from the claimant is then set out, and the claim concludes with the averment that it has been filed within the time required by law, in order that the claimant 'may have and obtain the full lien remedies provided by law for the payment of said claim against said building and the ground upon which it stands, and so much other ground immediately adjacent thereto, as may be necessary for the ordinary useful purposes of such building.' In all this there is *no explicit averment* that any one is the owner or reputed owner of the building in question. The proof shows that the firm had no interest whatever in this building, or the ground upon which it was built. These belonged solely and exclusively to Flickinger in his individual right, and were never *partnership property.*

"It may be, therefore, clear by the proof that Flickinger was the owner of the building, but this cannot supply or cure a defect in the statement of the claim. The law has made a statement of ownership, or reputed ownership, *on the face of the claim*, essential to the *existence of the lien.* Again it is sufficiently clear upon the face of the claim, that the contract for furnishing the materials

was made by the claimant with the *firm,* who are not alleged to be the owners of the building. The proof shows clearly that Flickinger alone was such owner. This is a state of case requiring the sixty days notice, under section 11. In my opinion, the fact that Flickinger was one of the partners of the firm, with whom the contract for materials was made, does not dispense with the giving notice to him, *as owner,* under this section. No such notice was ever given. For these reasons, I am constrained to hold that this claim must be rejected as a lien on this property."

The above opinion of the learned Judge affords so lucid an exposition of the principles underlying and controlling this controversy, as to render nugatory any attempt at emendation. It is true that the statute giving the remedy is not to receive the strict and rigid construction applicable to an Act in derogation of the common law ; yet there must be a substantial compliance with its requirements as plainly expressed. This lien is not the creature of contract. It exists and is operative by virtue of statutory provisions ; and unless the requirements of the legislative enactment are observed, the claimant is beyond the scope of the remedy. The order appealed from will be affirmed.

*Order affirmed, and*
*cause remanded.*

(Decided 1st March, 1883.)