DENTE ET AL. *v.* BULLIS

[No. 10, October Term, 1950.]

*Decided November 3, 1950.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Charles Gilbert Cooley* for appellants.

*G. Howlett Cobourn,* with whom was *D. Paul McNabb* on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Albert F. Dente and William H. Ulrich, Appellants, from a decree of the Circuit Court for Harford County in Equity, sustaining a bill in equity to enforce the mechanics' lien of Hubert A. Bullis, appellee, and sustaining this lien against the land and premises of the appellants.

The appellants were the owners in fee simple as tenants in common of a large tract of land on the Bush River in Harford County. During January and February 1947, Dente, and his then wife now deceased, negotiated with the appellee to build a home for them on one of the lots in this tract. The appellant, Ulrich, had nothing whatever to do with the contract for building the house. Dente claimed that he contracted with the appellee to build the house for the price of $6,000, plus $400 for two extra dormer windows, plus $500 for hot water heat, and plus $400 for a sea wall, a total of $7,300. On the other hand, the appellee claimed that the house was to be built on a time and material basis. After Dente had paid Bullis $8,880.55 in cash, he said he discovered that the amount paid was in excess of the amount of the contract under which Bullis agreed to build the house and refused to pay Bullis any additional money. The additional amount claimed under the mechanics' lien is $2,189.40 with interest.

Without reciting in detail the testimony, it is enough to say that we have the testimony of the appellant, Dente, without any corroboration, on one hand that the work was to be done on a contract basis, and that of the appellee on the other that the house was to be built on a time and material basis. It is not disputed that Bullis built the house. When we consider that Dente had paid to Bullis the sum of $8,880.55 on a supposed contract of $7,300 before he said that he discovered he had overpaid the contract price, this more or less negatives the contract. Dente, to substantiate the contract, relies heavily on the fact that blueprint plans were given by Dente to Bullis. However, we must note that many details were not shown on these plans.

Appellant, Dente, further contends that, if it is held that this construction work was done upon a time and material basis, the amount charged by the appellee is excessive. To sustain this contention, he relies on the testimony of another contractor, Richard D. Ayres, as to the proper ratio of labor costs to the costs of raw materials and based on those calculations contends that the claim submitted by the appellee is excessive. Dente also stresses the testimony of H. Edward Coale, an expert witness for the appellee, as to the ratio between cost of raw materials and labor. He also offers testimony of other witnesses who estimated the number of concrete blocks used. Appellant also relies on Mr. Ayres' estimate as to what the cost of all the improvements on the Dente lot should amount to. We have in this case a sworn statement of the appellee as to the labor and material furnished. Bullis built the house and the only testimony to contradict his statement as to time and material consists of abstract calculations based on the ratio between time and material, and testimony of persons who examined the house after it was built and calculated what it should have cost.

As we have observed in many equity cases, the chancellor here had the opportunity to see the witnesses, to hear their testimony, to observe their expression and demeanor

while on the stand. This Court does not have that advantage. Therefore it is not inclined to disturb the chancellor's findings on issues of fact. The appellee built the house and furnished the labor and materials necessary. He has filed a sworn statement as to the amount of each. We have nothing to contradict this testimony except mere estimates and abstract calculations. We see no reason to disturb the finding of the chancellor as to the amount due the appellee.

However, there is no evidence in this case that the appellant, William H. Ulrich, was in any way a party to the contract to build the house here in question. There is no evidence that Dente was acting as Ulrich's agent in any of the negotiations concerning the construction of the house. It is provided by Section 11 of Article 63, 1939 Annotated Code of Maryland: "If the contract for furnishing such work or materials, or both, shall have been made with any architect or builder or any other person except the owner of the lot on which the building may be erected, or his agent, the person so doing the work or furnishing materials, or both, shall not be entitled to a lien unless, within sixty days after furnishing the same, he or his agent shall give notice in writing to such owner or agent, if resident within the city or county, of his intention to claim such lien." There is no evidence here that any such notice was served on Ulrich, as provided by this section or by Section 12 of Article 63, 1939 Code.

A mechanics' lien is a remedy created by statute and the statutory notice provided for in Sections 11 and 12, *supra,* must be substantially complied with. *Wehr v. Shryock,* 55 Md. 334, 336; *Reindollar v. Flickinger,* 59 Md. 469, 474; *Kenly v. Sisters of Charity of St. Joseph,* 63 Md. 306; *House v. Fissell,* 188 Md. 160, 165, 51 A. 2d 669. Therefore, the interest of William H. Ulrich as a tenant in common is not subject to the mechanics' lien and the decree will be reversed to that extent. The interest of the appellant, Dente, as a tenant in common, however, is liable for this lien. A tenant in common can

contract to bind his interest in land. Where materials are furnished on the contract of one tenant in common in possession, a lien can be entered against his interest in the premises. Phillips on Mechanics' Liens, Second Edition, Section 77, page 140; *Keller v. Denmead,* 68 Pa. 449; *Otis v. Cusack,* 43 Barb., N. Y., 546; *Leslie and Slack v. Leonard,* 10 Pa. Super, Ct. 548; *Roxbury Painting & Decorating Co. v. Nute,* 233 Mass. 112, 123 N. E. 391, 4 A. L. R. 680.

In this case, Dente stresses the fact that the appellee made no report to the collector for Social Security or to the Comptroller for Maryland Unemployment Compensation Fund of the wages paid on this particular project. That matter is not before us at this time. The decree will be reversed and the case remanded for the passage of a decree making the amount herein claimed a lien against the interest in common of Albert F. Dente, alone, in the land and premises described in the mechanics' lien.

> *Decree reversed and case remanded for the passage of a decree to conform with this opinion. Costs to be paid one-half by Albert F. Dente and one-half by appellee.*