(Decided 17th December, 1886.)

CHARLES H. CONWAY and GEORGE R. CONWAY, trading as CONWAY & CO. *vs.* GEORGE W. M. CROOK and HANNAH M. CROOK, his Wife.

*Mechanics' lien—Sufficiency of Notice under secs. 10 and 11 of Article 61, of the Code—Husband and wife—Agency.*

A husband and his wife owned adjoining tracts of land; and the husband, intending to build a house for his son, selected a site on the tract belonging to the wife, it being the more desirable location. He then made a contract for the erection of the house, and when it was finished he paid the contractors in full the contract ·price. The contractors, however, bought certain building materials. which they did not pay for. On a bill filed by the material-men to enforce their lien against the house, it was HELD:

1st. That if the house was built by the husband, as the authorized agent of his wife, then notice to him of an intention to claim a lien, given within sixty days after the materials were furnished, was sufficient, because being the authorized agent of the wife notice to him was equivalent to notice to her. (*See* Code, Article 61, section 11.)

2nd. That if, on the other hand, it was built on the land of the wife by the husband or by some person employed by him acting in his capacity as husband, ánd undertaking to make the improvement in the exercise of his own authority as such, then the notice must be given to the wife personally. (*See* Code, Article 61, section 10.)

To establish a claim to a lien founded upon a statute, the claimant must comply with the requirements of the statute.

APPEAL from the Circuit Court for Anne Arundel County, in Equity.

The appeal in this case was taken from a decree dismissing the bill of the complainants, which sought to enforce a mechanics' lien. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, and BRYAN, J.

*Richard Bernard,* for the appellants.

*Stewart Brown,* and *George M. Gill,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

We agree with the Court below that the mechanics' lien claimed in this case cannot be sustained. The facts are these:—The appellees, husband and wife, owned adjoining tracts of land, and the husband intending to build a house for his son, selected a site on the tract belonging to the wife, because it was a more commanding and in every way the most desirable location. He then made a contract with the Messrs. Potter for the erection of the house, and when it was finished, he paid them in full the contract price. The contractors however it seems bought certain building materials of the appellants, but did not pay for the same; and the appellants now claim a lien against the house.

If the house was built by the husband as the agent of his wife, then notice to him of an intention to claim a lien within sixty days after the materials were furnished, is sufficient, because being the authorized agent of the wife, notice to him is equivalent to notice to her. *Jarden and Wife vs. Humphrey,* 36 *Md.,* 361; sec. 11, *Art.* 61, *Code.* On the other hand, if it was built on the land of the wife by the husband or by some person employed by him, acting in

his character as husband, and undertaking to make the improvement in the exercise of his own authority as such, then the notice must be given to the wife. Sec. 10, Art. 61, of the Code.

In this case the notice was given to the husband under sec. 10, and it is admitted that no notice was ever given to the wife. Now a great deal was said as to whether the notice was in fact given within the time required by the statute, but this we pass by because it is not material in the view we take of the case. The real question is, whether the house was built by the husband *as agent for his wife.* Now what are the facts relied on to prove the agency? It is said in the first place, that the wife knew the house was being built, and never made any objection to it, on the ground that it was being built upon her land; —that on several occasions she made suggestions in regard to certain alterations which ought to be made, and that she paid to the contractors one hundred dollars in part payment of the contract price.

If the case rested here, there might be some force in the contention of the appellant, but when this evidence is considered in connection with the evidence on the part of the appellees, it fails entirely to establish the agency of the husband. The appellee Crook says, he selected the site on the land belonging to his wife, because it was the most desirable location—that he made the contract with the Messrs. Potter for the erection of the house *in his own name,* and paid them the contract price *out of his own money*—that he neither built the house as the agent of his wife, nor did she in fact have anything whatever to do with it. Mrs. Crook's testimony is to the same effect. She says she never authorized her husband to build it as her agent. She admits she knew that it was being built and that she made no objection—that she did make some suggestions about the cupboards and the width of the porch, but that she had nothing to do with the contract about the

house.    That on one occasion during the absence of her husband, she did at his request, pay to the contractors one hundred dollars, but that she got the money from the cashier in his store, and took the receipt in his name.    That she was in fact opposed to her son's being a farmer, and that she never contributed one dollar out of her own money towards its erection.    Such is the testimony in the case, and in the face of this positive evidence on the part of the appellees, it can hardly be said that the appellants have succeeded in establishing the agency of the husband—on the contrary, it shows that the house was built by the husband in his character of husband, and such being the case, the appellants were bound to serve *personal notice on the wife* of their intention to claim a lien.    Their claim to a lien is founded upon the statute, and to establish it they must comply with the requirements of the statute.

*Decree affirmed.*

(Decided 17th December, 1886.)