## LLOYD RICHARDSON and ISAAC LEGATES,
Trading as Richardson & Legates,

*vs.*

## MAX SALTZ and MEYER SALTZ.

*Mechanics' lien*: *goods sold to contractor; when not agent of owners; when no lien for materials delivered; deficient notice.*

The owners of a lot of ground contracted with a builder to erect for them a building upon the lot; the builder contracted with R. & L. for all the stone to be used on the structure; a month after the last of the stone had been delivered, the owners took possession of the uncompleted building and finished the same, making use for that purpose of the unused stone left upon the premises; notice to claim a lien under the Mechanics' Lien Law had been made upon the owners by the material man, within the time prescribed by the statute: *Held,* that there was an absolute sale and delivery of the stone to the contractor, and that regarding such purchase the contractor could not be considered as the agent of the owners.                   p. 392

The fact that the owners took possession of the unfinished building and the unused stone did not change the relation of the parties, in so far as the Mechanics' Lien Law was concerned.
p. 392

The material man's right to compensation from the owners depended upon their perfecting their lien according to the mandate of the statute.                          p. 392

A letter from the material man to the owners, written sixty days after the last delivery of the stone, notifying them that the material man had furnished the stone, and requesting payment of the same, to which letter the owners never replied, did

not bring the material man within the protection of the Mechanics' Lien Law.                                        p. 392

The failure of the owners to reply to the letter did not amount to an implied promise to pay.                          p. 392

The principle that where an account rendered by one party to another, with whom he has had relations, is retained by that party an unreasonable time, without his making any objection to its accuracy, the account may be considered as correct, has no application where the parties are strangers, in no contractual relation.                                       pp. 392-393

The principle that the notice, required under section 11 of Article 63 of the Code, is unnecessary where the owner is also the builder, as decided in former cases, has no application where an owner becomes the builder, without having been the original purchaser of the materials, either directly or by agent.     p. 393

*Decided January 11th, 1916.*

Appeal from the Circuit Court for Somerset County. (In Equity.) (STANFORD, J.)

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Joseph L. Bailey* and *Thos. S. Hodson* submitted a brief for the appellants.

*Clarence P. Lankford* and *Henry J. Waters* filed a brief for the appellees.

CONSTABLE, J., delivered the opinion of the Court.

The appellants filed a bill in equity to enforce a mechanics' lien, and, upon the Court sustaining a demurrer filed thereto, this appeal was taken.

It is conceded by the allegations of the bill that no notice of an intention to claim a lien was served upon the appellees within sixty days from the date of furnishing the materials, as provided for by section 11 of Article 63 of the Code, but it is claimed by the appellants that, because of the situation of the parties as .presented by the facts alleged in the bill and admitted by the demurrer, no such notice was necessary to perfect their lien. That is, while admitting the force that must be given to the many decisions of this Court wherein it has consistently been held that the party furnishing materials shall not be entitled to a lien for materials furnished to any person other than the owner of the lot on which the building may be erected, or his agent, unless the party furnishing the same or his agent shall give notice, within sixty days of furnishing the same, to the said owner or his agent, of the intention to claim the lien, but urge that the facts do not bring this case within the provisions of that section. If, however, the facts do bring it within the operation of said section, the Court below was correct in its ruling upon the demurrer, for such notice is obligatory upon the part of the one claiming the lien, and, because of its omission, the proceedings would be fatally defective. *Conway* v. *Cook,* 66 Md. 290; *Reindollar* v. *Flickinger,* 59 Md. 469; *Hill* v. *Kaufman,* 98 Md. 251; *Wehr* v. *Shryock,* 55 Md. 336; *Frederick Bank* v. *Dunn,* 125 Md. 392.

The bill alleges that the appellees are the owners of a lot in the town of Crisfield, where they also resided, and that they contracted with one Fred B. Hobson to erect a building upon said lot, and that Hobson contracted with the appellants for the furnishing of all the stone work to be used in the building; that the stone was consigned to Hobson, under the contract between the appellants and Hobson, the last delivery being on July 29th, 1914; that on August 29th, 1914, after a considerable quantity of the stone had been used in the building the appellees took possession of the uncompleted . building, and one of the appellees finished the building,

using the remainder of the stone therein; that on the 9th of September, 1914, the appellants wrote one of the appellees, stating that they had been informed that he had taken over the contract for the building and notifying him that they had furnished the stone for the same and requesting payment from him. This letter makes no mention of an intention to claim a lien, and there is no contention that it does comply with section 11. It is further alleged that no reply was received to this letter nor to like ones sent later; and that the appellees continued the building to completion paying to the workmen employed by Hobson the arrears owed by Hobson, and did not pay to Hobson anything on his contract price after August 29th, 1914, the date of the taking over of the contract. The lien claim filed upon the same day as the bill, December 14th, 1914, recites in full the letter from the appellees to Hobson, dated August 29th, 1914, notifying him that since he had failed in the performance of his written agreement with them, they were going to take possession and complete the building according to the contract and hold him responsible to his agreement. We have substantially embodied in the above the allegations of the bill, omitting the conclusions of law there contained, for, of course, the demurrer does not admit the correctness of those conclusions.

Can the builder Hobson be considered as the agent of the appellees in the purchase of the materials, and thereby render a notice unnecessary under the language of the Act? The doctrine of agency has been fully recognized in *Weber* v. *Weatherby,* 34 Md. 656. In that case the owner and builder agreed to sell a house in an unfinished condition, and to have it completed like one adjoining. The purchaser deposited a sum of money as a forfeit for non-fulfilment of his contract. The prospective purchaser purchased a range such as the adjoining houses had, which was delivered, with the knowledge of the owner, and bricked up in the cellar. The purchaser abandoned the contract, and the owner retained the house, range and forfeit. It was held that the

prospective purchaser was the agent for the owner in the purchase of the range and that a lien attached.

While the reasoning in that case is easily followed, it is difficult to see how the builder in this case can be considered the agent of the owner. There an owner of a house yet to be completed permitted one, during the pendency of a contract of purchase, to intervene and assist in its completion, to the extent, at least, of recognizing his acts and entering no objections thereto; while in the present case the appellees had entered into an ordinary building contract with Hobson, he to furnish work and material and they to compensate him. Under the provisions of Article 63 of the Code the material men had ample protection, and, in fact, many decisions have recited that its provisions were enacted primarily for their protection. The allegations of the bill clearly show that there was no element of agency in the dealings between the appellants and Hobson. It plainly appears that there was an absolute sale and delivery to Hobson, and we find no facts stated which would justify us in finding Hobson was acting as the agent of the appellees. The fact that they took possession of the building, including the stone already used as well as that not used, cannot change the relations of the parties, so far as the application of this statute is concerned. The title to the stone had forever passed from the appellants, and their right to compensation was conditioned upon the payment by Hobson or upon their perfecting their lien according to the mandate of the statute.

Nor can we agree with the contention of the appellants that, because the appellees refused to reply to their request for payment there was created an implied promise upon their part to pay and that therefore they are entitled to their lien. This contention is based upon that line of cases where an account having been rendered by one party to another and retained an unreasonable time without objection, it is regarded to be correct and becomes an account stated. It is difficult to see how this principle can have any application to the facts here. That principle may well apply to parties

between whom there have been dealings, but not in a case where the parties are strangers entirely to the contract.

It may be that the allegation as to the appellees not having paid Hobson anything since the taking over of the contract on August 28th, was inserted for the purpose of showing that the owner had funds in his hands, at the time of filing the lien claim, which could be applied to the payment of the claim. This was raised in *Truesch* v. *Shryock,* 51 Md. 162, and the Court said: "But the right of the material man to his lien, does not depend on, nor is it in any manner affected by the question whether the owner has, or has not, money in his hands due the builder, nor whether the former has performed his part of the contract with the latter. As we have said in a former part of this opinion, the lien attaches upon delivery of the materials, and this irrespective of the contract or dealings between the owner and builder."

We have also had pressed upon us the remedial character of the Act as declared in section 41, and have had cited *Real Estate Co.* v. *Phillips,* 90 Md. 515, where it was held that the notice under section 11 was not necessary where the owners were also builders. That case is clearly distinguishable from the present from the fact that in it the builders and owners made the contract with the material men while in this the owners, who later became builders, were not the original purchasers of the material.

We are of the opinion, therefore, that the notice of an intention to file having been omitted for over sixty days from the date of delivery the lien was lost.

*Order affirmed, with costs to the appellees.*