BUKOWITZ et ux. *v.* MARYLAND LUMBER COMPANY et al.

[No. 173, October Term, 1955.]

*Decided May 8, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*J. Mayer Willen,* with whom was *Gilbert I. Friedel* on the brief, for the appellant.

*William Saxon* for the Maryland Lumber Company.

*Eugene A. Alexander, III,* with whom was *Philip V. Hendelberg* on the brief, for Alan K. Cohen.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court of Baltimore City ordering the appellants to pay two mechanics' lien claims filed by two different claimants against the property, 3101 Shelbourne Road, owned by the appellants as tenants by the entirety. The chief question raised in each case is as to the adequacy of notice of intention to file the claims.

On May 4, 1954, the appellants, as owners, entered into a contract with Julian C. Hayes, trading as Hayes Construction Company, for the erection of a dwelling on their lot at a price of $18,975.00. In the first week of October, 1954, Hayes defaulted on his contract and abandoned the work. The owners then contracted with another builder for com-

pletion, at a cost of some $7,000.00 in excess of the original contract with Hayes.

On October 9, 1954, Mr. Kolker, president of the Maryland Lumber Company, telephoned Mr. Bukowitz at his place of business, 25 W. Clay Street, stating that he had a bill for lumber furnished Mr. Hayes, which he threatened to collect by proceeding against the property. Mr. Bukowitz denied the debt. It was shown at the trial that the Maryland Lumber Company, on October 6, 1954, had sent a letter by registered mail addressed to the appellants at 2603 Denison Street, Baltimore, where they were then residing. The envelope and contents were returned to the sender unopened and marked "refused". On October 16, 1954, Mr. Kolker personally called on Mr. Bukowitz at 25 W. Clay Street and handed him a copy of the letter, dated October 6, 1954, and addressed to the appellants, and two sheets listing by number and amount invoices billed to Mr. Hayes on various dates from June 11, 1954, to October 1, 1954. It is contended that this statement was not sufficiently detailed to comply with the statute, but for present purposes we may assume, without deciding, that it was. It is undisputed that this letter and the attached statement was never served on Mrs. Bukowitz, and there is no evidence that she ever received it. On December 10, 1954, the Maryland Lumber Company filed its lien claim in court which for the first time disclosed the details of the invoices.

On October 20, 1954, Mr. Cohen, trading as Atlas Lumber Company, sent a registered letter addressed to both of the appellants at 2603 Denison Street, Baltimore, enclosing a statement of materials furnished to Hayes on various dates between August 8, 1954, and September 2, 1954. This letter was received and signed for by Mrs. Bukowitz. There is no evidence that it was ever delivered to Mr. Bukowitz or that he ever received any other written notice of intention to claim a lien prior to the filing of the lien claim in court on March 1, 1955.

Code (1951), Art. 63, sec. 1, as amended by Ch. 759, Acts of 1953, provides for a lien to cover materials furnished in Baltimore City. Sec. 10 of the same Article provides

that "Where a building shall be erected on a lot of ground belonging to a married woman by her husband or some person by him employed the said lien shall not attach unless notice thereof be given to such married woman in writing within sixty days after doing such work or furnishing such materials, or both, as the case may be."

Sec. 11 provides: "If the contract for furnishing such work or materials, or both, shall have been made with any architect or builder or any other person except the owner of the lot on which the building may be erected, or his agent, the person so doing work or furnishing materials, or both, shall not be entitled to a lien unless, within sixty days after furnishing the same, he or his agent shall give notice in writing to such owner or agent, if resident within the city or county, of his intention to claim such lien."

Sec. 12 provides: "If such notice can not be given on account of absence or other causes, the claimant or his agent may, in the presence of a competent witness and within sixty days, place said notice upon the door or other front part of said building and shall file a claim with the clerk of the circuit court for the county or the circuit court of Baltimore City, as the case may be, as hereinafter mentioned."

It is well settled that the requirement of timely notice of intention must be at least substantially complied with. In *Kenly, Use of Otto v. Sis. of Char.,* 63 Md. 306, 309, it was said: "The foundation of the lien, in a case like the one before us, is the prior notice to be given to the owner. It is required for the protection of the owner, who is authorized to retain in his hands the amount due to the party giving the notice. It must be given in writing and served on the owner, or his agent, if they are resident of the city or county where the building is erected. If such notice cannot be given personally on account of absence, or other causes, the claimant may then place the notice on the building."

In *Dente v. Bullis,* 196 Md. 238, 241, it was held that in the case of tenants in common each owner, or part owner, is entitled to a written notice of intention given to him or his agent. The same rule is implicit in the holding in *Blenard*

*v. Blenard,* 185 Md. 548, 558, where the owners, as tenants by the entireties, had been divorced but not until after the claim was filed by the contractor. The effort there was to establish that the husband was the agent of the wife, which would obviate the necessity of personal notice to her. It was held that there was no evidence of agency or agency by estoppel. The Court said: "Neither the existence of the relationship of husband and wife, standing alone, nor knowledge by the wife of the husband's intention to construct a building on her land, together with failure on her part to object, is sufficient to constitute him her agent in constructing the building. *Adkins & Douglas Co. v. Webb,* 160 Md. 571, 577, 154 A. 259. This is equally true of property owned solely by the wife and of her interest in property owned by herself and her husband as tenants by the entireties. *Kvedera v. Mondravitzky,* 145 Md. 260, 263, 125 A. 591."

It is true that in the instant case both the husband and wife signed the contract with the general contractor, but the claims here involved were by suppliers of the general contractor who had no contract relationship with the owners. The existence of the general contract did not dispense with the necessity of notice or constitute the builder an agent for the owners. *Richardson v. Saltz,* 127 Md. 388, 392; *Wehr v. Shryock,* 55 Md. 334, 338. While the instant case is not precisely covered by the provisions of sec. 10, *supra,* which deal with claims against property owned solely by a married woman, that section indicates a legislative purpose to require personal notice to her and negatives any implication of agency arising out of the marital relationship itself.

It is well settled in Maryland that where property is held by the entireties neither husband nor wife, acting alone, can encumber or dispose of any part of the estate, or make the other spouse responsible for improvements to it. *Columbian Carbon Co. v. Kight,* 207 Md. 203, 209; *Powers v. Malach,* 199 Md. 110, 113; *Twilley v. Bromley,* 192 Md. 465, 470; *Krauss v. Litman,* 189 Md. 394, 399; *Blenard v. Blenard, supra.* There is no implied agency in such cases, and we see no reason to imply one in regard to the receipt of notice.

The best considered cases in other jurisdictions adopt this view. See *Nurmi v. Beardsley,* 266 N. W. 368 (Mich.); *Webber Lumber Co. v. Erickson,* 102 N. E. 940 (Mass.); *Liese v. Hentze,* 158 N. E. 428 (Ill.); *Shea v. Peters,* 268 P. 989 (Ore.). The contrary holding in *Le Roy v. Reynolds,* 193 So. 843 (Fla.), seems to have been rested upon a special statutory provision declaring the husband to be the wife's agent for this purpose and altering the common law rule.

It is contended, however, that the fact that the registered letter from the Maryland Lumber Company was returned marked "refused", permits an inference that both of the addressees declined to receive it, knowing what it contained. But we think the inference is not permissible. So far as Mrs. Bukowitz is concerned, there is no evidence that she ever saw the envelope. It may have been "refused" by her husband, an employee, or some other person. There is no evidence that she ever learned of the contents, although a copy was later personally served upon her husband. There is nothing in the statute that authorizes service by registered mail which does not actually reach the intended recipient. A somewhat similar contention was made in *Saginaw Lumber Co. v. Stirling,* 9 N. W. 2d 680 (Mich.). There the statute authorized service by registered mail, and there was testimony that a letter addressed to both husband and wife was delivered, although neither of the addressees signed the receipt. In holding that the wife was bound, the court relied upon direct testimony that she read the notice, and this was held to be substantial compliance under the circumstances.

In regard to the Atlas Lumber Co. claim, there was testimony that Mrs. Bukowitz signed a receipt for a registered letter addressed to both parties, but no evidence that Mr. Bukowitz ever received it. In *Hensel v. Johnson,* 94 Md. 729, 735, a notice was left with the owner's wife, but this was held to be insufficient to charge the husband, in the absence of any evidence that he received it.

In view of our conclusion that there was no proof of statutory notice given to both of the appellants as to either claim,

it is unnecessary to discuss the other questions raised by the appellants.

> *Decree reversed and petition dismissed, costs to be paid one-half by each appellee.*