# UNITED STATES TILE & MARBLE COMPANY, INC. *v.* B & M WELDING AND IRON WORKS, INC., ET AL,

[No. 298, September Term, 1968.]

*Decided June 3, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and SMITH, JJ.

*Gary R. Alexander* for appellant.

*Richard B. Bland,* with whom were *Welsh & Lancaster* and *Donald M. Caplan* on the brief, for appellees.

SINGLEY, J., delivered the opinion of the Court.

This case involves another of the problems which have risen in connection with the construction of Riverdale Plaza Shopping Center in Prince George's County. See *Himelfarb v. B & M Welding & Iron Works, Inc.,* 254 Md. 37, 253 A. 2d 842 (1969). For the purposes of this opinion, we shall adopt the agreed statement of facts contained in the appellant's brief.[1]

> "Plaintiff-Appellant, United States Tile and Marble Company, Inc. [(U.S. Tile)] performed various work as a tile subcontractor pursuant to two contracts entered into with Cohen-Himelfarb Associates, general contractors, on a proposed shopping center to be located in Prince George's County. The Plaintiff, through counsel, addressed a letter dated November 18, 1966, which letter was stipulated as the only notice of intention to claim Mechanic's Lien sent by the Plaintiff in this case. It is further stipulated that Defendant Herbert A. Himelfarb actually received this letter on November 22, 1966, within 90 days of the completion of the last work by the plaintiff. It was further stipulated that at the time the letter was sent, the owners of the

---

1. An "amended agreed statement of facts" which appears in the appellees' brief has greater clarity, but is somewhat less favorable to the appellant.

property where the work was performed were Herbert A. Himelfarb, Harold S. Himelfarb and Ben A. Williamowsky, as joint tenants. It was further stipulated that at the time the contracts were executed and the time the notice was sent and received by Herbert A. Himelfarb, he was also a partner in the general contracting firm of Cohen-Himelfarb Associates, a partnership.

"At the time of trial before the Honorable Robert B. Mathias on June 24-25, 1968, the Court permitted an amendment by Plaintiff of the Mechanics Lien filed by the Plaintiff to include as the joint owners, Herbert A. Himelfarb, Harold S. Himelfarb and Ben A. Williamowsky. Thereupon, counsel for Defendant Frederick W. Berens, Inc. and Defendants Herbert A. Himelfarb, Harold S. Himelfarb, and Ben A. Williamowsky, being all of the interested adverse parties to the Plaintiff, moved for a 'directed verdict' and dismissal of the Amended Bill of Complaint on the sole ground that the notice of intent to claim the lien was defective. After argument, Judge Mathias granted the Motion and dismissed the Amended Bill of Complaint for failure of Plaintiff to give proper notice of intent to claim Mechanic's Lien.

"It is further agreed by the parties that the Plaintiff had proven the sum of Three Thousand Five Hundred Dollars ($3,500.00) in bona fide damages and money due and owing prior to the time of dismissal of the claim and the granting of Defendants' Motion. It is from the Order dismissing Plaintiff's claim for failure to give proper notice of intent to claim a Mechanic's Lien that this appeal is taken."

The letter of 18 November 1966, referred to in the statement of facts, was sent by counsel for U.S. Tile to Cohen-Himelfarb Associates, "attention: Herbert A.

Himelfarb." The inclusion of the full text of the letter is not essential to the disposition of this case. While it set out the amounts of U.S. Tile's claims—$3,963.50 and $3,378.00, it did not specify the time when the work was done or when the materials were furnished, which we have held to be mandatory if notice given to an owner or his agent, under Maryland Code (1957, 1968 Repl. Vol.) Art. 63 § 11 (a) :

> "If the contract for furnishing such work or materials, or both, shall have been made with any architect or builder or any other person except the owner of the lot on which the building may be erected, or his agent, the person so doing work or furnishing materials, or both, shall not be entitled to a lien unless, within ninety days after furnishing the same, he or his agent shall give notice in writing to such owner or agent, if resident within the city or county, of his intention to claim such lien,"

is to constitute a valid notice. *Himelfarb v. B & M Welding & Iron Works, Inc., supra; District Heights Apts., Section D-E, Inc. v. Noland Co.,* 202 Md. 43, 95 A. 2d 90 (1953) ; *Welch v. Humphrey,* 200 Md. 410, 90 A. 2d 686 (1952) ; 2 Poe, *Pleading and Practice* (Tiffany Ed.) § 738 at 717. The notice was defective in another respect, since it was addressed to Cohen-Himelfarb Associates and not, as § 11 (a) requires, to the owner. Although we need not reach the point, it might be argued that the letter contained no categorical expression of an intention to claim a lien.[2]

U.S. Tile answer these contentions by arguing that it should prevail notwithstanding a defect in the notice, because no notice is required if the contract was with Himelfarb as owner. Art. 63 § 11 (a) requires such a notice only when a contract for furnishing work or ma-

---

2. The letter concluded, "In the event, however, that I do not hear from you on or before December 1st, we will have no other recourse but to file a Mechanics Lien regarding the above claims."

terials is made with "any other person except the owner of the lot on which the building may be erected, or his agent." U.S. Tile concedes that, should it prevail in this contention, its lien would attach only to the interest of Himelfarb who held title as joint tenant with the other co-owners of the property.

A similar contention was advanced in *Reindollar v. Flickinger*, 59 Md. 469 (1883). In that case, Flickinger owned a one acre lot in Carroll County and was a member of the partnership of Flickinger and Reifsnider which undertook the erection of a small building on that lot. Reindollar furnished the partnership with lumber and materials used in the erection of the building, and when he was not paid, attempted to assert a mechanics' lien, without giving the notice required by Art. 63 § 11 to Flickinger as owner. This Court, which affirmed an order dismissing the Reindollar claim, adopted the opinion of the lower court:

> "* * * Again it is sufficiently clear upon the face of the claim, that the contract for furnishing the materials was made by the claimant with the *firm*, who are not alleged to be the owners of the building. * * * This is a state of case requiring the 60 days' notice under Sec. 11. In my opinion, the fact that Flickinger was one of the partners of the firm, with whom the contract for materials was made, does not dispense with the [necessity of] giving notice to him, as *owner* under this section. No such notice was ever given. For these reasons, I am constrained to hold that this claim must be rejected as a lien on this property." (Emphasis in original) 59 Md. at 473-74

This Court added:

> "* * * It is true that the statute giving the remedy is not to receive the strict and rigid construction applicable to an Act in derogation of

the common law; yet there must be a substantial compliance with its requirements as plainly expressed. This lien is not the creature of contract. It exists and is operative by virtue of statutory provisions; and unless the requirements of the legislative enactment are observed, the claimant is beyond the scope of the remedy." 59 Md. at 474

In *Reindollar,* Flickinger, a partner in the contracting firm which ordered the materials was the *sole* owner of the property against which the claimant sought to assert a lien without giving the notice required by then § 11 (now § 11 (a)). In the case before us, Herbert A. Himelfarb, a partner in the general contracting firm of Cohen-Himelfarb Associates was one of *three* joint owners of the property. As we see it, the holding in *Reindollar* has an a fortiori application here.

The cases of *Wohlmuther v. Mt. Airy Plumbing & Heating, Inc.,* 244 Md. 321, 223 A. 2d 562 (1966) and *Dente v. Bullis,* 196 Md. 238, 76 A. 2d 158 (1950), relied on by U.S. Tile, are distinguishable on their facts. Under the somewhat unusual facts in *Wohlmuther,* the Court concluded that the contractor, who dealt with the lienors, was acting not only for himself but as agent for his wife, with whom he owned the property as tenants by the entireties. We held that no notice was required, since the lienors had contracted with the owners. It is not here contended that Himelfarb, in his capacity as a partner of Cohen-Himelfarb Associates, could have been acting as agent for Himelfarb, Himelfarb and Williamowsky, the joint venturers, who owned the property.

In *Dente v. Bullis,* Dente and Ulrich owned a large tract of land as tenants in common, on which Dente had a house built for himself by Bullis. Ulrich was not a party to the contract for the building of the house, and it was not contended that Dente was acting as Ulrich's agent. The Court held that Dente's interest in the land could be subjected to a lien for the amount owed by Dente to

Bullis, the general contractor, but that Ulrich held his interest free of the lien.

We agree that *Dente* makes it quite clear that a lien may be asserted against the undivided interest of one tenant in common in possession. Although the Maryland cases decided prior to the enactment of Art. 63 § 11 (b)[3] have correctly held that a lien cannot be claimed by giving notice to one tenant by the entirety, *Bukowitz v. Md. Lumber Co.*, 210 Md. 148, 122 A. 2d 486 (1956); *Blenard v. Blenard*, 185 Md. 548, 45 A. 2d 335 (1946), and that a lien would attach only if the spouses are jointly obligated, *Parker v. Tilghman V. Morgan, Inc.*, 170 Md. 7, 183 A. 224 (1936), we see no reason why the rule of *Dente* should not apply to the undivided interest of one joint tenant, once execution has been had, Phillips, *Mechanics' Liens* (3d Ed. 1893) § 77 at 144-45, since a mechanics' lien ordinarily attaches to whatever interest the person responsible for the improvements has in the property. *Beehler v. Ijams*, 72 Md. 193, 19 A. 646 (1890). In a case where no valid statutory notice has been given, this assumes, of course, that the joint owner has contracted directly with the mechanic or materialman. If, however, the contractual relationship is between a firm of prime contractors and the mechanic or materialman, the notice requirement of § 11 (a) must be observed, even though the owner, as in *Reindollar,* or one of the owners, as in the case before us, is a member of the contracting partnership.

> *Order affirmed; costs to be paid by appellant.*

---

3. By Ch. 324 of the Laws of 1959, which provided that where property is owned by husband and wife, either jointly or by the entireties, a notice is sufficient if received by only one spouse.