385 A.2d 494

**PHILLIPSBURG CONSTRUCTION COMPANY, a joint venture between Commerce Construction Co. and Penn State Construction, Inc., Appellant,**

**v.**

**PHILLIPSBURG U.A.W. HOUSING CO., a limited partnership, owner or reputed owner, Appellee.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided April 13, 1978.

John P. Campana, Williamsport, for appellant.

Carl A. Belin, Clearfield, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant, Phillipsburg Construction Company, filed a mechanic's lien against appellee, Phillipsburg U.A.W. Housing Company. The lien was based on a construction contract between appellant as contractor (in a joint venture involving Commerce Construction Company and Penn State Construction, Inc.) and appellee as owner. Appellee filed preliminary objections in the nature of a motion to strike the lien, arguing, *inter alia,* that appellant had executed a waiver of liens, which had been timely filed. Mechanics' Lien Law of 1963, Act of Aug. 24, 1963, P.L. 1175, No. 497, art. I, § 101, 49 P.S. § 1101, *et seq.* Appellant filed no answer to the motion. At the hearing on the motion appellant admitted executing the waiver but asserted that the waiver was void because the owner and contractor were one; testimony was offered in support of this assertion. N.T. 15–16.

The lower court found it unnecessary to receive the offered testimony but granted the motion to strike, reasoning as follows:

If we assume that the owner and the contractor are not one and the same, then the waiver of Mechanic's Lien as it exists between the parties is valid and the Court must strike the subsequent filing of the Mechanic's Lien for that reason. If we assume that the contractor and the owner are one and the same, then the contract between the parties, as well as the Mechanic's Lien, must fail for the simple reason that it is well settled law that no man may contract with himself. Since the Mechanic's Lien Law of 1963 restricts the filing of a Mechanic's Lien to

that of a contractor or sub-contractor, it is obvious that, not only the waiver must be stricken, but also the Mechanic's Lien for the simple reason that no contract exists, either expressed or implied between the [appellant] and the [appellee], if they are, in fact, one and the same. Slip Opinion at 1–2.

Appellant first argues that the lower court erred in considering appellee's motion because the defense pleaded by the motion was not an "exemption or immunity of the property from lien . . ." Mechanics' Lien Law of 1963, supra, art. V, § 505, 49 P.S. § 1505. We need not consider this argument because appellant did not raise it below. Malin, et ux. v. Nuss, 234 Pa.Super. 259, 266, 338 A.2d 676, 680 (1975).[1]

Appellant next argues that if the waiver of mechanic's lien is invalid, because the owner and contractor were one and the same (as appellant contended below), then appellee's motion should have been dismissed. Appellant relies on L–Co Cabinet Corp. v. Summit Square Apartments, Inc., 64 D. & C.2d 528 (1973).

In L–Co Cabinet the defendant filed preliminary objections in the nature of a motion to discharge a mechanic's lien. One basis averred for discharge was a stipulation against mechanic's liens. The plaintiff in response asserted that the owner and contractor were one and the same, and that therefore the plaintiff was not bound by the stipulation. The court stated:

> While it is true that a written contract between an owner and a contractor which provides that no claim shall be filed by anyone is a binding agreement and effective against subcontractors if properly recorded in the office of the prothonotary in accordance with the act, it is, of

---

1. But see Section 505 of the Mechanics' Lien Law, supra, which provides:

    Any party may preliminarily object to a claim upon a showing of exemption or immunity of the property from lien, or for lack of conformity with this act. The court shall determine all preliminary objections. If an issue of fact is raised in such objections, the court may take evidence by deposition or otherwise. . . . (emphasis added).

course, fundamental that there must be a written valid contract between two parties. In this case, we have no contract at law, therefore, no valid stipulation against filing of liens.

*Id.* at 531.

So far the court's reasoning was in harmony with the lower court's reasoning in the present case; however, the court went on to dismiss the preliminary objections, stating:

Inasmuch as the stipulation against the filing of mechanics' liens in this case is not valid, *it is no reason in support of defendant's motion to discharge the mechanic's lien.*

Id. at 532. (emphasis added)

The decision in *L–Co Cabinet* was error. Once the court had determined that the contract was void, it could not allow the plaintiff to pursue its action.[2] The Mechanics' Lien Law of 1963, *supra,* assumes that a lien is founded on a valid contract. The term "contractor" is defined as "one who, *by contract with the owner, express or implied* [agrees to furnish services or labor]." *Id.,* art. II, § 201, 49 P.S. § 1201(4). (emphasis added). Since no contract, express or implied, existed, the only relief properly available to the plaintiff was an action in quantum meruit.

Affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

---

2. The court stated:

> *The stipulation against filing of mechanic's lien clearly identifies the limited partnership as both owner and contractor.* In general terms, the stipulation recites that the owner and the contractor are about to execute, contemporaneously with the stipulation, a contract for the erection of an apartment building . . .
>
> We are of the opinion that *the stipulation as well as the contract between the contractor and the owner is a legal nullity.* It is fundamental that there must be at least two parties to the making of a contract, for it is a rule of the common law that no man may contract with himself. This is so even where a man is acting in more than one capacity. At law, it is not permissible for one man to deal with himself contractually in another capacity: 1 Williston on Contracts, § 18.
>
> *Id.* at 531 (emphasis added)