594 A.2d 1245

SKINNER LOGSDON CONSTRUCTION
AND EQUIPMENT, INC.

v.

FIRST UNITED CHURCH OF JESUS CHRIST (APOSTOLIC).

No. 1696, Sept. Term, 1990.

Court of Special Appeals of Maryland.

Sept. 9, 1991.

E. Pete Summerfield (Summerfield, Willen, Silverberg & Nesson, P.A., on the brief), Owings Mills, for appellant.

Alice G. Pinderhughes, Baltimore, for appellee.

Argued before GARRITY, HARRELL and ELLEN M. HELLER, Specially Assigned, JJ.

GARRITY, Judge.

Skinner Logsdon Construction and Equipment, Inc. appeals from an order of the Circuit Court for Baltimore City (Prevas, J.) dismissing its complaint wherein appellant sought to establish a mechanics' lien. Appellant presents the issue of whether a subcontractor can invoke the Mechanics' Lien Statute against a property owner who acts as its own contractor.

## Facts

As part of a project for a new church sanctuary, appellee First United Church of Jesus Christ (Apostolic) [hereinafter the Church] entered into a contract with appellant Skinner Logsdon [Skinner] on June 20, 1989 for sediment control and excavation work. Under the terms of the standard AIA form contract (Subcontract, AIA Document A401, 1978 Edition), the Church was both the owner of the subject

property and the general contractor. Skinner was denominated as a subcontractor.

The contract provided that work would commence on June 22, 1989 and be substantially complete by August 30, 1989. The contract, however, established a final completion date of August 30, 1990. In July 1990, appellant filed suit to establish a mechanics' lien against the property of appellee. In its complaint appellant alleged the existence of the subcontract agreement, that the Church owned the property subject to the lien, the nature of the work that appellant furnished, the period within which the work was done, the value of the improvements made to the property, the outstanding balance due under the contract, the date that appellant provided notice of its intention to claim a mechanics' lien, that appellee received the notice and that the work was completed within the prescribed time periods. As exhibits, appellant attached to the complaint a copy of the Subcontract Agreement, an account summary detailing the outstanding balance, the interest calculation upon which appellant relied, the billing invoices, the notice of intention to claim a lien, the signed certified mail receipt form, and an affidavit of the president of Skinner. The court entered a show cause order commanding appellee to demonstrate why a mechanics' lien should not attach upon the land described in the complaint.

Appellee thereafter filed a Motion to Dismiss on the ground that appellant, who had entered into a contract with the owner of the property (the Church), was not a subcontractor within the meaning of the Mechanics' Lien Statute and, therefore, was not entitled to a lien. At a hearing on the motion, the court, in effect, ruled that a subcontractor can invoke the Mechanics' Lien Statute only when a tripartite relationship exists: the subcontractor has an agreement with the contractor who has an agreement with the property owner. The court concluded that the instant case was beyond the ambit of the Mechanics' Lien Statute and dismissed the complaint.

## Analysis

Although appellant has invited us to examine the nature of the relationship between the parties, the posture of this case precludes us from doing so. In considering the propriety of a grant or denial of a motion to dismiss, the appellate standard of review is whether the well-pleaded allegations of fact contained in the complaint reveal any set of facts which would support the claim made. *Flaherty v. Weinberg*, 303 Md. 116, 135–136, 492 A.2d 618 (1985). The court must accept as true all well-pleaded material facts in the complaint, as well as any reasonable inferences that may be drawn therefrom. *Sharrow v. State Farm Mutual*, 306 Md. 754, 768, 511 A.2d 492 (1968). Any ambiguity in the allegations bearing on whether the complaint states a cause of action must be construed against the pleader. *Id.*

The complaint, and the contract incorporated therein,[1] reveal that Skinner entered into a subcontract agreement with the church in its capacity as the general contractor. The contract, entitled "Standard Form of Agreement between *Contractor* and *Subcontractor*" (emphasis added), identifies the contractor as the Church, the subcontractor as Skinner and the owner of the property as the Church. Rev. Saunders, acting on behalf of the church, signed the contract under the space entitled *contractor.* By the church's admission in the contract, it was the general contractor. For the purpose of reviewing the motion to dismiss, the appellant is deemed the subcontractor, and the church the contractor.

Appellee contends, however, that Skinner—by definition—cannot be a subcontractor because Skinner has a contract with the church, who is an owner. Appellee also contends that Skinner cannot be a contractor because the

---

1. Maryland Rule 2–303(d) provides that "[a] copy of any written instrument that is an exhibit to a pleading is a part thereof for all purposes." Appellant attached the subcontract agreement as an exhibit to his complaint for a mechanics' lien. Accordingly, the agreement is part of the complaint for the purpose of the motion to dismiss.

contract the parties entered into designates Skinner as the subcontractor. Appellee attempts to use the contract as both a sword and a shield.

The Mechanics' Lien Statute is located at Md.Real Prop. Code Ann. §§ 9–101 to 9–204 (1981). In pertinent part, it provides:

### § 9–101 Definitions.

\* \* \* \* \* \*

(d) Contractor.—"Contractor" means a person who has a contract with an owner.

\* \* \* \* \* \*

(g) Subcontractor.—"Subcontractor" means a person who has a contract with anyone except the owner or his agent.

We have been referred to, and our own research has discovered, no case addressing this issue. In order to reach our conclusion, we must engage in the exercise of statutory construction, the ambition of which is to ascertain and realize the intention of the Legislature. *State Department of Assessments and Taxation v. Belcher*, 315 Md. 111, 119, 553 A.2d 691 (1989); *Weidig v. Tabler*, 81 Md.App. 488, 493, 568 A.2d 868 (1990).

The purpose of the mechanics' lien law is to protect materialmen, and it is to be construed in the most liberal manner in favor of mechanics and materialmen. Md.Real Prop.Code Ann. § 9–112; *Hurst v. V & M of Virginia*, 293 Md. 575, 446 A.2d 55 (1982). This principle does not mean, however, that courts may extend the scope of the mechanics' lien law beyond the obvious design of the statute. *Hurst*, 293 Md. at 580, 446 A.2d 55.

Appellee relies upon the plain language of § 9–101 in advocating its position. The "meaning of the plainest language," however, is controlled by context. *Guardian Life Ins. Co. of America v. Ins. Comm'r.*, 293 Md. 629, 642, 446 A.2d 1140 (1982). In further explicating this canon, the Court in *Kaczorowski v. City of Baltimore*, 309 Md. 505, 525 A.2d 628 (1987), quoted language from Justice Holmes'

opinion in *United States v. Whitridge,* 197 U.S. 135, 143, 25 S.Ct. 406, 408, 49 L.Ed. 696 (1905), "the general purpose [of a statute] is a more important aid to the meaning than any rule which grammar or logic may lay down." *Kaczorowski,* 309 Md. at 514, 525 A.2d 628.

In pursuing the contextual meaning of statutory language, we often must consider other manifestations of intent, including a bill's title and function paragraphs, amendments that occurred as it passed through the legislature, its relationship to earlier and subsequent legislation and other material bearing on legislative purpose, which becomes the context surrounding the language in issue. *Kaczorowski,* 309 Md. at 515, 525 A.2d 628. As we stated in *Weidig,* 81 Md.App. at 493, 568 A.2d 868, "[w]hat *Kaczorowski* and its progeny teach us is that the rules of construction should not be employed to defeat the legislative objective." We turn now to the application of these principles.

In a 1976 emergency session, the General Assembly repealed and re-enacted with changes the Mechanics' Lien Statute. The changes were instituted in response to the Court of Appeals' decision in *Barry Properties, Inc. v. Fick Brothers Roofing Co.,* 277 Md. 15, 353 A.2d 222 (1976), wherein the Court held that the then existing mechanics' lien statute deprived a property owner of a significant property interest without due process.[2] The emergency legislation was enacted to provide property owners with an opportunity to be heard prior to subjecting their property to a mechanics' lien. *Clearail v. Mardirossian,* 84 Md.App. 497, 502, 581 A.2d 36 (1990).

The committee reports indicate that the subcontractor definition "follows existing law construed by the Maryland Court of Appeals since original enactment in 1838 and eliminates confusion between the artificial definition of

---

**2.** The Court excised the unconstitutional portion of the Mechanics' Lien Statute.

'subcontractor' given in the bill and various tiers of subcontractors and material suppliers which exist in fact." *See* bill file for 1976 Md.Laws, Ch. 349 (S.B. 998). The Legislature recognized the forced nature of the definitions which serve to simplify the entire statute's application while broadening the reach of the statute's protection to the various levels of materialmen. Thus, in the history of the definition section there is no evidence of a legislative intent to preclude a subcontractor from acquiring a mechanics' lien when an owner decides to be its own general contractor. The language indicates that the Legislature intended the definitions to be read in harmony with prior caselaw.

Maryland has implicitly accepted the notion that the same entity can function in a dual capacity, as both owner and contractor, in mechanics' lien cases. *Wohlmuther v. Mt. Airy Plumbing and Heating, Inc.*, 244 Md. 321, 326, 223 A.2d 562 (1965). *Wohlmuther* held that the notice to an owner required by the mechanics' lien law [3] was unnecessary when the owners were also the prime contractors, and thus upheld the finding of a valid mechanics' lien. *Id.* at 325–327, 223 A.2d 562. *See also, U.S. Tile and Marble v. B and M Welding*, 254 Md. 81, 253 A.2d 838 (1968) (one of three joint owners was also a partner in the general contracting firm; lien dismissed because the subcontractor's notice failed to specify the time work was done and materials furnished); *Reindollar v. Flickinger*, 59 Md. 469 (1833) (sole owner was partner in general contracting firm; lien dismissed for inadequate notice by the subcontractor to the owner).

Other states allow mechanics' liens when the owner and contractor are one and the same. *See, Columbia Group, Inc. v. Jackson*, 151 Ariz. 76, 725 P.2d 1110, 1112 (1986) (general contractor was also partner in venture with owner-

---

**3.** When *Wohlmuther* was decided, the Mechanics' Lien Statute was codified at Md.Code Ann. Art. 63, § 11. The statute was subsequently repealed and re-enacted. *See* 1976 Md.Laws, ch. 349 and 1972 Md. Laws, ch. 349.

ship interest in property; subcontractor's notice to owner was proper even though mailed to address of general contractor); *Orange Plumbing and Heating Co. v. Wolfe*, 89 So.2d 671, 672 (Fla.1956) (owner acted as general contractor and directly contracted with subcontractor; subcontractor not required to deliver to owner sworn statement concerning general contractor's payment of lienors).[4] *But see, Phillipsburg Construction Co. v. Phillipsburg U.A.W. Housing Co.*, 254 Pa.Super. 1, 385 A.2d 494, 495 (1978) (mechanics' lien invalid when contractor and owner are one and the same).

In the case *sub judice*, the contractor/owner relationship is a legal fiction as the church has elected to function as both owner and contractor. Privity between the subcontractor and the owner already exists. *See Wilhelm v. Roe*, 158 Md. 615, 622–624, 149 A. 438 (1930) (no notice under former version of Mechanics' Lien Statute is required if the claimant has contracted with the owner himself).[5]

In light of the history of the statute, its purpose and liberal construction afforded it, we conclude that the legislature intended that a subcontractor can invoke the mechanics' lien law when it contracts with a contractor who also happens to be the property owner.

JUDGMENT REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION; COSTS TO BE PAID BY APPELLEE.

---

**4.** *Pudwill v. Bismarck Lumber Co.*, 89 N.W.2d 424, 428–429 (N.D.1958) (general contractor was equitable owner; subcontractor not required to give notice to title holder). Florida's Mechanics' Lien Statute is much more particularized than the Maryland statute. The Florida legislation has a specific subsection which details how mechanics' liens claims should be filed by persons in privity with the owner. Fla.Stat.Ann. § 713.05 (West 1980). The statute also expressly allows a materialman who contracts with the owner to be a "lienor." Fla. Stat.Ann. § 713.01(10) and (11) (West 1980).

**5.** We are in no way suggesting that because a party may contract in one capacity as contractor, and be sued in another capacity as owner, that a contractor may sue itself for a mechanics' lien and usurp the subcontractor's remedy.